# Banks *et al. v.* Thompson.

*Bill in Equity by the Wife to enforce Trust in Lands purchased by the Husband with Moneys belonging to her Statutory Separate Estate.*

1. *Equity of wife in lands purchased by the husband with her money; when inferior to execution lien of judgment creditor.*—Where the husband invests money belonging to his wife, as her statutory separate estate, in lands, and takes the title in his own name, the equity of the wife to charge the lands with the moneys so invested is inferior and subordinate to the lien of a judgment creditor of the husband under an execution issued on the judgment, when, at the time the lien was acquired, the creditor had no notice, actual or constructive, of the wife's equity.

2. *Lis pendens as constructive notice.*—It is settled in this State, that to constitute *lis pendens* constructive notice of claim or asserted ownership, not only must the suit be instituted, but process must be issued and served.

3. *Same.*—Hence, the mere filing of a bill in equity by a wife against her husband alone, seeking to charge lands purchased by, and conveyed to him, with a trust for moneys belonging to her as part of her statutory

[Banks et al. v. Thompson.]

separate estate, which he had invested in the lands, does not operate as constructive notice of the wife's equity to a judgment creditor of the husband, who had acquired a lien on the lands by issue of an execution prior to service on the husband.

APPEAL from Russell Chancery Court.
Heard before Hon. JNO. A. FOSTER.
The facts are sufficiently stated in the opinion.

J. B. MITCHELL and WATTS & SON, for appellants.

L. W. MARTIN, *contra.*

STONE, J.—Banks obtained judgment against Charleton Thompson, and an execution thereon was placed in the hands of the sheriff of the county in which the lands lie, on the 16th day of June, 1882. Under this execution the lands in controversy were levied on and sold, and Banks became the purchaser, receiving the sheriff's deed. The lands thus sold and conveyed are the south-east quarter of section 35, township 14, range 26, in Russell county, less a strip 35 yards wide, extending across the southern part of the tract. The title of the lands was in Charleton Thompson when the sheriff received the execution, and when he sold. With this tract he had acquired, and still owned the north-east quarter of the same section. The last named quarter he had claimed, and it had been set apart to him as his homestead exemption.

On the same day on which the execution went into the hands of the sheriff—June 16th, 1882—Jane Thompson, wife of Charleton Thompson, filed the present bill against her husband, in which she alleged that a part of her money, her statutory separate estate, had been invested by her husband in the purchase of said lands; and she sought to fasten a lien on the lands, to repay to her the money so alleged to be invested. Charleton Thompson was alone made defendant to the original bill, and summons to answer was served on him July 1st, 1882. The present record contains neither averment nor proof that Banks had notice of Mrs. Thompson's asserted lien, until long after his execution lien had attached. Hence, unless her suit gave him constructive notice, his equity is paramount to hers. *Preston v. McMillan,* 58 Ala. 84, 94.

It has been long settled in this State, and we have no desire to depart from it, that to constitute *lis pendens* notice of claim, or asserted ownership, not only must the suit be instituted, but process must be issued and served.—*Doe ex dem v. Magee,* 8 Ala. 570; *Hoole v. Attorney General,* 22 Ala. 190; *Center v. P. & M. Bank, Ib.* 743; *Goodwin v. McGehee,* 15 Ala. 232.

[Ballentyne v. Wickersham.]

Banks had no notice of Mrs. Thompson's equity in time to intercept his lien.

The decree of the chancellor is reversed, and a decree here rendered, dismissing complainant's bill, so far as it prays relief against W. H. Banks, and against the south-east quarter of section 35, township 14, range 26, east. In all other respects it is undisturbed. Let the costs of appeal be paid by appellee.

Reversed and rendered.