# Bell *v.* Teague.

*Action on Common Counts, with Special Count on Contractor's Lien.*

1. *Filing contractor's claim, and subsequent withdrawal thereof.*—When a contractor's claim for work done and materials furnished in building a house has been properly filed for record, and an abstract thereof has been duly recorded (Code, §§ 3022-24), the subsequent withdrawal of the claim from the files of the court does not destroy the lien, nor defeat the constructive notice resulting from the registration of the abstract; and the verified claim or account, so filed and withdrawn, is admissible evidence in an action to enforce the lien.

2. *Contract of agent; when binding on him personally.*—An agent, having authority to bind his principal, may nevertheless bind himself personally, either by contracting in his own name, and on his own personal credit, or by failing to bind his principal.

3. *Partial performance, and acceptance thereof.*—That the plaintiff failed to perform all the stipulations of the contract on his part, does not bar his right to recover, at least, what his work was reasonably worth, when it appears that the defendant has accepted such partial performance.

APPEAL from the Circuit Court of Calhoun.
Tried before the Hon. LEROY F. BOX.

[Bell v. Teague.]

This action was brought by E. W. Teague against Richard Bell, and was commenced on the 27th May, 1884. The complaint contained the common counts, and a special count which sought to enforce a statutory lien on a house and lot, particularly described, for work done and materials furnished by plaintiff in the erection of the house, under a contract with defendant. The contract price for the work and materials was $650.00, of which sum $26.00 was paid as the work progressed; and the special count sought to enforce a statutory lien for $624.00, the unpaid balance. The defendant pleaded the general issue, in short by consent, and several special pleas, which alleged, in substance, that the work was not done in a skillful and workmanlike manner, was not completed within the time specified, and was never accepted by the defendant; that the plaintiff himself had occupied and rented out the house; and on these grounds a set-off was claimed for the reasonable rent, and also for the value of materials used which the defendant had furnished, and a recoupment of damages on account of the delay and the unskillful worskmanship.

On the trial, as the bill of exceptions shows, the plaintiff proved the contract between himself and the defendant, for the building of the house; and offered in evidence the verified statement of his account, which had been filed with the probate judge, as a claim for a statutory lien, within the time prescribed by law; and he proved that an abstract of his claim as filed was made in the office of the probate judge, and duly recorded in the book kept for the registration of such claims. But it appeared that, after this filing, abstract, and registration, the original verified account, or claim, was withdrawn from the files by the plaintiff, and had never been returned; and on this account the defendant objected and excepted to admission of said verified account as evidence. "The defendant introduced evidence tending to show that, in 1883–84, he was the general superintendent of the Garfield Memorial Union Association, a corporation regularly organized under the general statutes for educational purposes; that it was his duty, as such superintendent, to make contracts for buildings for the association; that he made the contract here sued on as such general superintendent, and in that capacity only; that the plaintiff knew and understood that he was acting merely as the agent of the said corporation, and contracted with him as such; and that the house was to be used and occupied by the teacher in charge of the

school of said association." The plaintiff's evidence tended to show "that the house was built according to the terms of the contract, and the work was done in a workmanlike manner; that the defendant told him, about the 1st January, 1884, that he could not pay for the house, and requested him to rent it out, collect the rent, and apply the money in satisfaction of the debt; that he did rent out the house under this authority, but never collected any rent." The defendant's evidence, on the other hand, "tended to show that he had never accepted the house, nor had the trustees of said association, but refused to receive it, because it was not completed according to the terms of the contract, and because the work was not done in a workmanlike manner; and that the plaintiff had rented out the house without any authority or permission from him." There was other evidence, but it is not material to the points here decided.

The defendant requested the following charges in writing, and duly excepted to their refusal: (1.) "If the jury believe from the evidence that the defendant, as the agent of the Garfield Memorial Union Association, contracted with plaintiff for the building of said house, and that plaintiff knew at the time that defendant was thus acting, or was in possession of such facts as were sufficient to put him on inquiry as to the capacity in which defendant was acting, then plaintiff can not recover in this action." (2.) "If the jury believe from the evidence that the plaintiff did not in good faith try to carry out the contract (if they believe from the evidence that he made a contract to build a house for the defendant personally), and intentionally, without necessity or sufficient reason, failed to comply with the terms of the contract, then plaintiff is not entitled to recover." (3.) "If the jury believe from the evidence that the defendant, as the agent of the Garfield Memorial Union Association, contracted with plaintiff for the building of the house in question, and that plaintiff knew at the time that he was thus acting, plaintiff can not recover in this action." (4.) "If there is no evidence before the jury that defendant owned the land on which the house is located, the plaintiff is not entitled to a lien on said house and land."

The jury returned a verdict for the plaintiff on the special count, for the full amount of his claim, and declared a lien on the house and lot; and the court rendered judgment accordingly. This judgment is now assigned as error, with

[Bell v. Teague.]

the refusal of the charges asked, and the rulings on evidence to which exceptions were reserved.

PARSONS, PEARCE & KELLY, for appellant.

BISHOP & HANNA, *contra.*

CLOPTON, J.—The special count in the complaint sets forth a substantial cause of action. It alleges the contract, the indebtedness, and the facts necessary for securing a lien, and a description of the property charged therewith, which is a substantial compliance with the statute. We discover no material variance between the contract as alleged and the contract as proved, and none has been pointed out.

The statute requires an original contractor, within six months after the indebtedness has accrued, to file with the judge of probate a just and true account, after all just credits have been given, and a true description of the property, or so near as to identify the same, upon which the lien is intended to apply, with the name of the owner, and to verify the statement, which, when so filed, shall be a lien upon the property. It is also made the duty of the judge of probate, to make an abstract thereof in a book kept for the purpose, properly indorsed and indexed, containing the date of the filing, the name of the contractor seeking to enforce the lien, the amount claimed, the name of the person against whose property the lien is claimed, and the description of the property charged with the same.—Code, §§ 3444, 3445. Filing the claim is preliminary to securing the lien, and the statute intended that notice thereof shall be given; but the notice intended and provided for by the statute, is the record of the abstract required to be made by the judge of probate. The statement itself is not a record, and after the abstract has been made and entered, the removal of the statement does not defeat the notice of the lien, and no prejudice to any person can result therefrom. No sufficient reason exists why it should remain on file, after the abstract has been made and entered in the book kept for that purpose. The statute is complied with, when the statement is filed as required, and the abstract thereof recorded.—*Mars v. McKay*, 14 Cal. 127; Phillips Mech. Liens, 564.

The defendant may have acted as the agent of the Garfield Memorial Union Association, and the plaintiff may have known that he was so acting in making the contract for

building the house; and yet the defendant may have contracted in such manner as to incur a personal liability, which there was evidence tending to prove. Also, though the corporation may have had authority to contract debts for building houses, if the defendant assumed to bind it, but had no authority as agent to make such contracts binding the corporation, a personal liability was self-imposed.—*Drake v. Flewellen*, 33 Ala. 106. The authority of the defendant is left to be inferred from oral evidence. The entire hypothesis of the charge requested by the defendant, in this regard, may be true, and yet, in one aspect of the evidence, the plaintiff may be entitled to recover. It withdrew from the consideration of the jury the proof tending to show that the defendant contracted in his own name, and on his personal credit.

Though the plaintiff may not have done the work according to the stipulations of the contract, if, nevertheless, the defendant accepted the house, the plaintiff was entitled to recover, at least, what it was reasonably worth. The instruction asked by defendant denied the right of plaintiff to recover, unless he showed a complete performance of the contract, though the defendant may have accepted the house, and directed that it be rented, and the rent applied to pay the expenses of building.—*Kirkland v. Oates*, 25 Ala. 465; *Merriwether v. Taylor*, 15 Ala. 735.

Affirmed.