# Manly *v.* Sperry.

### *Action for the Breach of a Contract.*

1. *Action for breach of contract; agency; inadmissible evidence.*—In an action for the breach of a contract to sell and deliver to the plaintiff a certain number of receiver's certificates, where the defendant sets up as a defense that the sale was not made on his own account but by him simply as agent for a certain named party, a telegram from defendant stating that said party "will draw, with certificates attached," is inadmissible to prove that defendant was acting as agent for the said named person in contracting with plaintiff to sell him said certificates.

2. *Same; same; insufficiency of evidence in proof of agency.*—In an action for the breach of a contract to sell and deliver to the plaintiff a certain number of receiver's certificates, when the defendant sets up as a defense that he was not acting on his own account, but simply as agent for another person, and there is no evidence of knowledge by the party for whom the defendant claimed to have acted, or that in contracting with the plaintiff to sell him said receiver's certificates, the defendant was acting within the scope of his authority as agent, so as to bind his alleged principal, the defendant can not be relieved from liability ; the evidence being insufficient to establish his agency, so as to relieve him of the responsibility arising from the contract.

3. *Motion for a new trial; review on appeal.*—Where a motion for a new trial appears to have been based on fraud and collusion in obtaining the judgment, and on newly discovered evidence tending to establish such fraud and collusion, and on appeal it does not appear in what particular acts of fraud the collusion consisted, the appellate court will not assume, for the purpose of putting the trial court in error in overruling the motion, that the grounds of the motion were supported by the evidence.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

The facts of the case are sufficiently stated in the opinion.

[Manley v. Sperry.]

A. LATADY, for appellant.

GARRETT & UNDERWOOD, *contra*.

BRICKELL, C. J.—This was an action instituted in the city court of Birmingham, by appellee against appellant, seeking to recover damages for breach of a contract to deliver $10,000 of certificates of the receiver of the Savannah, Americus & Montgomery Railroad. The complaint, as appears from the abstract, recites that "on the 4th of December, 1893, the plaintiff agreed with the defendant to buy of him, and that defendant agreed to sell and deliver to him, $2,000 immediately, and $3,000 in a few days, of said receiver's certificates, at the price of 87½ cents on dollar, of par value, to be paid for on delivery at Baltimore, Md.; that on the 8th day of December, 1893, there was a similar agreement between the parties for the purchase, sale and delivery of $5,000 worth of the same certificates at 90 cents on the dollar; that the time for the delivery of the said certificates had elapsed; that the plaintiff was ready and willing to pay for and receive the said certificates, according to the terms of the agreement; that the defendant had notice thereof; that none of the certificates had been delivered; that by reason of defendant's failure to comply with the contract, the plaintiff lost profits and sustained damages to the amount of $2,000; which sum, with interest thereon, he claims." The defendant pleaded the general issue.

The cause was tried by the presiding judge, without the intervention of a jury, and resulted in a judgment for the plaintiff, (appellee), for the sum of $1,025. Subsequently, a motion for a new trial was made, and overruled.

The judgment of the circuit court upon the evidence, and its rulings excluding evidence offered by the appellant, as well as the overruling of the motion for a new trial, are assigned as error.

It was insisted on the part of appellant, that he was acting not on his own account, but as agent for other parties,—"Alexanders of Americus, Ga.,"—and that this fact was known to plaintiff. In the evidence offered to support this assertion, and excluded by the court on motion of appellee, there is no suggestion or intimation

of the mere agency of appellant; the only reference to "Alexander" or "Alexanders," appears in the telegram from appellant to Hambleton & Co., of date, December 4th, 1893, in which it is stated that "R. G. Alexander will draw with certificates attached." For aught that appears R. G. Alexander, may have been especially requested to perform this act for and on account of the appellant. It is certainly no intimation that Alexander was the principal, acting by and through appellant, as his agent. Besides, there appears a letter from appellant to appellee, bearing the same date with the telegram, having the statement contained in the telegram, and this was admitted and considered in evidence. If the evidence was material, notwithstanding the exclusion of the telegram, the appellant had the benefit of it.

It is true, "that a duly authorized agent, writing in behalf of his principal is not personally responsible on a contract, when the third party knows that he acts in the name and behalf of the principal."—1 Am. & Eng. Encyc. of Law, p. 401. It is equally true, that one acting as agent may contract in such a manner as to incur personal liability, notwithstanding the third party knew he was acting as agent.—*Bell v. Teague*, 85 Ala. 211.

The court below considered the evidence insufficient to relieve the defendant from liability, upon the theory that he was acting simply as agent; and in this, we do not think there was any error. The testimony on this question was meager, and given solely by the defendant, without the statement of a single fact or circumstance, tending to show knowledge of the principal, for whom he was pretending to act, or that he was acting within the scope of his authority, in such manner as to bind his principal.

We are of the opinion, looking at the entire transaction, that it indicates a dealing between the parties upon their individual responsibility. Indeed, it would seem that such a construction finds support in the statement contained in a letter from appellant to appellee, bearing date December 13th, 1893, to the effect that appellant had *bought* the certificates from parties in Americus.

The evidence clearly established a contract to sell and deliver certificates in accordance with the allegations of the complaint, as also the default of appellant, and

[Louisville & Nashville Railroad Co. v. Woods.]

tended to prove the damage sustained. The judgment of the court, upon the evidence, is free from error.

The motion of appellant for a new trial appears to have been based upon grounds of fraud and collusion between appellee and one Hambleton, whereby the judgment was obtained; and of newly discovered evidence tending to establish such fraud and collusion. It does not appear by the abstract, in what particular the fraud and collusion consisted, or upon what particular acts or charges of fraud the motion was based.

This court will not, for the purpose of putting the trial court in error, assume that the grounds of the motion, when they do not appear, were supported by the evidence. We have, however, carefully examined the evidence adduced upon the motion, and our conclusion is, that it was wholly insufficient to support the charge of fraud and collusion.

Affirmed.