# Greenwood *v.* Warren *et al.*

120    71
134   567

*Bill in Equity to have Mortgage declared Fraudulent, and set aside and vacated.*

1. *Equity pleading; commencement of suit* —Under the provisions of the statute, (Code of 1896, § 675; Code of 1886. § 3420), the filing of a bill is the commencement of a suit in chancery, if prosecuted; and a suit is duly prosecuted, if subpœna is issued returnable to the next term of the court after the filing of the bill.

2. *Same; same; when delay in issuance of subpœna does not affect the date of the commencement of a suit.*—A delay in the issuance of the summons in a chancery suit, occasioned by a press of business or from any mere neglect on the part of the register, not carried beyond the next term of the court after filing of the bill, does not change the rule that the commencement of a suit in chancery dates from the filing of the bill.

3. *Same; sufficiency of bill by legatee to have mortgage executed by testatrix annulled; plea of res adjudicata.*—A bill in chancery by a legatee under a will, to have a mortgage executed by the testatrix to the executor declared fraudulent, and the foreclosure sale thereunder set aside and vacated, which avers that the mortgage under which the executor sold the lands of his testatrix was obtained by the exercise of fraud and undue influence over the testatrix, who, at the time of its execution was an old, feeble and weak-minded woman, and the mother-in-law of the mortgagee, and living with him and under his control, contains equity; and a plea of *res adjudicata*, which sets up that at the time of the filing of the bill there was pending in the probate court proceedings for a final settlement and that there had been a final settlement of the administration, without showing that the matter of the mortgage was involved in that settlement, is not an answer to the bill, and is insufficient to prevent the maintenance of the suit.

[Greenwood v. Warren *et al.*]

APPEAL from the Chancery Court of Macon. Heard before the Hon. JERE N. WILLIAMS.

The facts of the case are sufficiently stated in the opinion.

W. W. PEARSON, for appellant.—After the probate court has taken jurisdiction of the estate of a decedent for the special purpose of a final settlement of the pending administration, a legatee or distributee may remove such administration into the chancery court, by showing some ground for exclusive equity cognizance, or averring some fact, which shows that the powers of the probate court are inadequate, and that a resort to chancery is necessary.—*Ligon v. Ligon*, 105 Ala. 460. Certainly the bill in this case shows ground for exclusive equity cognizance.—*McMillan v. Rushing*, 80 Ala. 405; *Foxworth v. White*, 72 Ala. 231; *Daniel v. Stough*, 73 Ala. 380; *Waller v. Jones*, 107 Ala. 341. The facts alleged in the bill show that the powers of the probate court were inadequate to grant relief to this complaint and a resort to chancery was necessary.—*Ligon v. Ligon*, 105 Ala. 460.

The bill was filed before the final decree in the probate court was rendered. A suit in equity is commenced when the bill is filed, not when defendant is served.—1 Amer. & Eng. Encyc. of Law, 184; Code of 1886, § 3420; *Thompson v. Parker*, 68 Ala. 387; *Crowder v. Moone*, 52 Ala. 220; 1 Daniel Ch. Pl. & Prac. (5th ed.) p. 3; *Gordon v. Tyler*, 53 Mich. 629.

The chancery court would have had jurisdiction of this bill even though there had been a final settlement of the estate at the time it was filed. The mortgage appearing regular upon its face, the questions of fraud and undue influence and the antagonistic relations held by the executor were not and could not be adjudicated in a probate court. Such a court has not concurrent jurisdiction with a court of equity in these matters. And where executor occupies different and antagonistic relations a settlement by him is a nullity.—*Tankersly v. Pettis*, 61 Ala. 354. Where there is a charge of fraud in the bill, and the only defense offered is by plea, the court will intend the matter of fraud so charged against the pleader, un-

less it is met by averments in the plea.—*Kyle v. Perdue*, 95 Ala. 579.; 1 Dan. Ch. Pl. & Prac. (6th ed.) 608.

WATTS & TROY, *contra*.—The bill in this case is not to be considered as having been filed on July 14, 1893, but if the bill should be considered filed July 14, 1893, when did it become *lis pendens?* It has been repeatedly decided by this court, that in order to become *lis pendens* as notice, not only must suit be instituted, but the process must be served.—*Banks v. Thompson*, 75 Ala. 531; *Goodwin v. McGehee*, 15 Ala. 232. The bill in this case, even though treated as filed on July 14, 1893, does not show that the defendant had notice of the filing of the bill until nearly a month after the decree was rendered in the final settlement. Therefore, the rights of Warren, the executor, as declared by that decree, can not be disturbed by the present suit.—*Rooney v. Mitchell*, 84 Ala. Ala. 585; *King v. Smith*, 15 Ala. 264.

It is the settled law in this State, that after the probate court has taken jurisdiction of an estate for the purpose of having a final settlement thereon, there can be no removal of the administration to the chancery court, unless some ground for exclusive jurisdiction of equity is shown.—*Ligon v. Ligon*, 105 Ala. 460; *James v. Faulk*, 54 Ala. 184; *Gamble v. Jordan*, 54 Ala. 432; *Harland v. Person*, 93 Ala. 273. The probate court has taken jurisdiction of an estate for final settlement whenever an account for that purpose has been filed, and a day has been appointed for a hearing.—*Gamble v. Jordan*, 54 Ala. 432; *Ligon v. Ligon*, 105 Ala. 460.

"By its judgment, a court of equity has never interfered with a judgment of a court of law, or the decree of a court of probate, nor detracted from its conclusiveness, nor re-opened the litigation involved in its rendition, unless on facts or grounds of which the party complaining could not have availed himself, when the decision was rendered, because of accident, or the fraud or act of his adversary unmixed with fault or negligence on his part."—*Waring v. Lewis*, 53 Ala. 624; and authorities cited. "Nor will equity interfere unless it shall also be shown that the party has used due diligence and exhausted every means of defending the case or obtaining redress at law.—*Roebling v. Stevens*, 93 Ala.

41; *Watts v. Frazer*, 80 Ala. 186; *Alexander v. Alexander*, 70 Ala. 212; *Dolan v. Dolan*,91 Ala. 152; *Cawthorn v. Jones*, 73 Ala. 82; *Humphreys v. Burleson*, 72 Ala. 1.

The pleas in this case were sufficient. Section 3420 of the Code of 1886, does not have reference to the question of *lis pendens*; but only fixes the time when suit shall be considered as commenced. The statute does not pretend to change the rights of parties as dependent upon *lis pendens*.—*Bank v. Thompson*, 75 Ala. 531.

BRICKELL, C. J.—This is an appeal from a decree of the chancery court dismissing an original bill; and the questions involved are dependent on the sufficiency and proof of pleas interposed by the respondent Warren, one of the appellees. The bill, which was filed by the appellant, alleges that Mrs. Greenwood, the mother of the appellant, died in July, 1891, leaving a last will and testament which was duly admitted to probate in and by the court of probate of Macon county. That the appellee, Warren, who was the son-in-law of the deceased, was nominated executor without bond of the will, and duly qualified as such and took charge of the estate in 1891, soon after the probate of the will; that he had never made a settlement of his administration, but that proceedings for a settlement were then pending in the probate court; and that appellant was one of the legatees under said will. That the said Warren and his family were living with the deceased at the time of her death, and had so lived with her for a number of years, and that for more than twenty years before the death of the testatrix he had had the use of the lands. and home and had paid nothing therefor, and that although he had agreed to provide and take care of the said deceased during her life in consideration of the use of her home and lands, he took from her a mortgage on all of her lands, in February, 1890, to secure the alleged debt of $1,718, with interest from 14th February, 1890. That appellant and the other children of the deceased, who were intimate with her and who had constantly discussed her business affairs with her, and who saw her every week, never heard of this mortgage until after her death, when, though it had been duly recorded, its existance was first disclosed to them by said Warren, who said,

however, he would not enforce it, unless he was troubled by the heirs in his administration of the estate. That the deceased had ample means of her own to take care of herself all the time ; that besides her real estate constituting, with her home place and another tract, more than six hundred acres, she had received by inheritance some years prior to her death, large sums of money which she partially distributed to her children, and that she had on hand at her death five or six hundred dollars in money. That, at her death, the deceased was seventy-four years of age, and for a number of years prior thereto, she had been suffering from disease and pain, and for relief therefrom had used morphine and whiskey, supplied to her by said Warren, to such an extent as to destroy in a great measure her mind, and that she was incapable by reason of such mental weakness, of making a valid contract at the date of said mortgage ; and that the said Warren, being the son-in-law of the said deceased and in the house with her, exerted undue influence over the testatrix, to obtain said mortgage. That said Warren was asked by appellant for a statement of the items making up the alleged debt secured by the mortgage, and that he refused to furnish the same, and still refuses to do so. And that soon after the said Warren had qualified as executor of the will of the deceased, and while so acting, he had sold the lands conveyed by said mortgage under the power contained in the instrument and had bought at his own sale, merely bidding the amount of the alleged debt, which was an inadequate price for the lands. A copy of the mortgage is attached as an exhibit to the bill, and it conveys all the lands of the deceased mentioned in her will.

The prayer of the bill is, that said mortgage be declared fraudulent; that the foreclosure sale be set aside and vacated ; that the settlement of the administration of the estate be removed from the court of probate into the court of chancery. The appellee filed a demurrer to the bill assigning numerous causes, which were overruled. He then filed five pleas—two of which alleged the want of necessary parties to the bill, which was obviated by the introduction of these parties by amendment. The remaining pleas set up the same mat-

ter of defense—the pendency of the proceedings in the court of probate for a final settlement, and the due prosecution of these proceedings to a final settlement and decree thereon rendered on the 18th day of July, 1893. These latter pleas were sustained by the chancellor, and it is from the decree, sustaining them, the appeal is taken.

It appears that the bill in this case was sent to the register on the 13th July, 1893, and was received and marked filed by him on the 14th, but that no summons was issued until August after the said final settlement. The delay in issuing the summons arose from the fact that the register had been requested by the attorney sending the bill by mail, to have copied and attached as an exhibit the mortgage mentioned in the bill, which for some cause was not done at once, and for this reason no summons was issued until the exhibit to the bill was attached. It appears further that the settlement was had in the court of probate in all respects as alleged in the pleas.

The question for consideration is, whether the right to maintain this bill was taken away by the proceedings in the court of probate. The doctrine of *lis pendens* is not founded on any idea of constructive notice, but upon the public necessity of preserving property, the subject of litigation, to await the result of the pending suit.—2 Pom. Eq., §§ 632, 633. It has no application to suits *in personam*, not involving the title or right to charge particular property. In such cases it is well settled that the *lis pendens* dates from the service of a subpœna or other process after the filing of the bill, so that the court may have acquired jurisdiction of the defendant.—2 Pom. Eq., § 634; *Banks v. Thompson*, 75 Ala. 531; *Goodwin v. McGehee*, 15 Ala. 232; *Rooney v. Michael*, 84 Ala. 585. But independent of the question of title to or lien upon property involved in a litigation with which alone *lis pendens* is concerned, and which is not involved here, so far as the proceedings in the court of probate are concerned, the commencement of a suit in chancery, by the general practice, as well as by the force of the statute itself, is the filing of a bill with a *bona fide* effort to have process thereon served.—Code of 1886, § 3420; Code of 1896, § 6751; *Crowder v. Moone*, 52 Ala. 220. The stat-

ute says, "the filing of the bill is the commencement of
the suit, if prosecuted." The suit is duly prosecuted if
subpœna is issued returnable to the next term of the
court after the filing of the bill. The delay in the
issuance of a summons by a press of business or from
any mere neglect of the officer, not carried beyond the
next term of the court after the filing, and especially
when unknown to the plaintiff, or contrary to his orders,
could not change the statutory rule that the filing of the
bill is the commencement of the suit if prosecuted. So
that the bill in this case was filed and suit commenced
on the 14th July, four days before the final decree in the
probate court notwithstanding the fact that the register
did not issue a summons until the 10th of August there-
after. The order of the plaintiff in the letter transmit-
ting the bill was that it should be filed and notice served
upon the defendant "at once." The register could and
should have obeyed this direction with or without the
exhibit which he was requested to attach for the com-
plainant from the records of the probate court. The
delay in issuing the summons cannot, therefore, justly
be charged to the complainant, and as it was issued
within a few days and before the next term of the court,
we think the suit must, under the statute, be regarded
as commenced on the filing of the bill.

But it is wholly unnecessary to invoke this rule, nor
would it in this case affect the prior jurisdiction of the
probate court over the settlement, if the bill embraced
only matters cognizable in the probate court and
involved in the settlement. The principal matter set up
in the bill, while entering into and having an intimate
connection with the execution of the will, was of a nature
beyond the jurisdiction of the probate court. The bill
alleges that the mortgage, under which the executor sold
the lands of his testatrix, was obtained by the exercise
of undue influence over an old, feeble and weak minded
woman, who was the mother-in-law of the mortgagee,
living with him, and whose person and property was
under his control. It in effect charges that there was
no debt as a basis for the security, and that the latter
was obtained by fraud and imposition. A plea con-
fesses every matter well pleaded in the bill, which is not
controverted by the averments in the plea. And in this

[Greenwood v. Warren *et al.*]

case, therefore, the pleas admit that the mortgage was obtained by imposition and fraud, and had been foreclosed without right, since there is nothing in the plea contradictory of the bill in that regard.

The pleas in effect are pleas of *res adjudicata*. They assert that a final settlement of the administration had been had in the probate court, without showing that the matter of the mortgage and sale of all the real property of the testatrix under it, was involved in that settlement. Although there is full power given in the will to the executor to sell the lands, it was a mere power, and unless shown to have been exercised, the lands would not be involved in the settlement of the administration. A plea that a matter has been merged in a former judgment, must show that the precise question was in fact, or necessarily, involved in the former suit.—*Russell v. Place*, 94 U. S. 606 ; *Gilbreath v. Jones*, 66 Ala. 129. This is not done by the pleas under consideration. The executor, if there had been no question of undue influence involved in obtaining the mortgage, might well have omitted or refused to exercise the powers over the realty conferred by the terms of the will, and have made a final settlement ; and with the title of the lands vested in him, by the exercise of undue influence prior to the death of the testatrix, the probate court was not possessed of the jurisdiction to vacate the mortgage and adjust the equities growing out of such a transaction. It is a matter entirely of equitable jurisdiction.—2 Pom. Eq., § 951 ; *Noble v. Moses Bros.*, 81 Ala. 530 ; *Thompson v. Lee*, 31 Ala. 292 ; *Moore v. Winston*, 66 Ala. 296 : 1 Brick. Dig. 440, § 183 *et seq.*, § § 366, 666 ; 3 Brick. Dig. 180.

It follows that the pleas sustained by the court of chancery, were not an answer to the bill and the decree sustaining them must be reversed, a decree rendered overruling them, and the cause remanded.

Reversed, rendered and remanded.