(118 So. 338)

## REEDER v. COX.   (I Div. 487.)

Supreme Court of Alabama.   Oct. 11, 1928.

Rickarby & Coley and Harry Pillans, both of Mobile, for appellant.

D. B. Cobbs, of Mobile, for appellee.

BROWN, J. (after stating the facts as above). The statute under which the bill in this case was filed authorizes:

"Any person * * * in peaceable possession of lands, whether actual or constructive, claiming to own the same, in his own right or as personal representative or guardian, and his title thereto, or any part thereof, is denied or disputed, or any other person claims or is reputed to own the same, or any part thereof, or any interest therein, or to hold any lien or incumbrance thereon, and no suit is pending to enforce or test the validity of such title, claim or incumbrance" to "bring and maintain a suit in equity *to settle the title to such lands, and to clear up all doubts or disputes concerning the same.*" Code 1923, § 9905; Weaver v. Eaton, 139 Ala. 247, 35 So. 647. (Italics supplied.)

And to this end the statute provides:

That the bill "must describe the lands with certainty, must allege the possession and *ownership* of the complainant, and that the defendant claims or is reputed to claim some right, title, or interest in or incumbrance upon such lands, and must call upon him to set forth and specify his title, claim, interest, or incumbrance, and how and by what instrument the same is derived and created." Code 1923, § 9906.

And: "If the defendant shall answer claiming any estate or interest in, or incumbrance upon such lands, he must, in such answer, specify and set forth the title, claim, interest, or incumbrance so claimed, and if not claimed in or upon the whole of the lands, he must specify and describe with sufficient certainty, the part in or upon which the same is claimed, and the manner in which, and the sources through which such title, claim, interest, or incumbrance is claimed to be derived and created." Code 1923, §.9907.

Our decisions are to the effect that the issues presented by a bill filed under this statute, strictly following its prescription as to pleading, will not permit the complainant to establish a mere equitable title or right, such as a right to enforce a resulting trust as against a legal title specifically avowed in the answer, for the reason that:

"It is a perversion of the purpose of the statute to permit the complainant, upon mere statutory averments, to obtain relief upon general principles of equity." Fowler v. Alabama Iron & Steel Co., 154 Ala. 497, 45 So. 635; Sloss-Sheffield Steel & Iron Co. v. Board of Trustees of the University of Alabama, 130 Ala. 403, 30 So. 433.

For like reason we now hold that the complainant here, on mere statutory averments, was not entitled to assert the right of equitable subrogation to the vendor's lien of Whatley.

However, where, as here, the complainant asserts not only peaceable possession, but ownership of the property, and the answer specifically avers the legal title to be in the respondent, the issue embraces everything necessary or essential *"to settle the title to such lands, and to clear up all doubts or disputes concerning the same."* (Italics supplied.) Code, § 9905; Adler et al. v. Sullivan, 115 Ala. 582, 22 So. 87.

As a general rule, one who would assert that he is an innocent purchaser without notice must so aver in his pleading, and this is the rule as to a respondent in a proceeding under this statute to quiet title. The statute requires that he make a specific avowal as to the extent, character, and source of his title, etc., in the answer. Kinney v. Steiner Bros.,

149 Ala. 104, 43 So. 25; Adams v. Pollak, 217 Ala. 688, 117 So. 299; Hatter et al. v. Quina et al., 216 Ala. 225, 113 So. 47.

On the other hand, the statute only requires complainant to allege peaceable possession and ownership in general terms, and these averments are sufficient to allow proof of every fact necessary to establish in the complainant a legal title superior to the title asserted by the respondent in the answer, including the fact that complainant or those under whom she claims were purchasers without notice, for as a general rule a purchaser from a bona fide purchaser without notice succeeds to the right of the latter and occupies the position of a bona fide purchaser. There are exceptions to this rule, but they are not pertinent to the case in hand. 27 R. C. L. 684, § 684, and authorities cited in notes 10 and 11.

On this issue the burden of proof is on the appellant to show purchase and payment; this shown by satisfactory evidence, the burden shifts to the appellee to show notice, actual or constructive, or knowledge of facts sufficient to put a reasonable person on inquiry, which, if followed up, would have discovered the title asserted by the respondent. Hatter et al. v. Quina et al., supra; Ely v. Pace et al., 139 Ala. 293, 35 So. 877.

One of appellee's contentions is that, inasmuch as the title of Mears was incumbered by a vendor's lien reserved in Whatley's deed to her, of which Pake had notice, the deed from Mears to Pake vested in him only an equity of redemption, and does not arm the appellant with the right to assert that she is an innocent purchaser without notice. This contention is founded on a misconception of the effect of the conveyance by Whatley to Mears. By that conveyance Whatley parted with the legal title and reserved a vendor's lien as security for the payment of the purchase money, vesting the title in Mears. Stringfellow v. Ivie, 73 Ala. 209, 3 Brick. Digest 613, § 45. Moreover, this contention is rendered unimportant here by the fact that it appears without dispute that this lien was fully satisfied and canceled of record before appellee acquired the title asserted in her answer. Whether this satisfaction resulted from the payment by Pake or another is wholly immaterial, for when that lien was satisfied the incumbrance on the legal title, which the deed from Mears to Pake purported to convey, was fully discharged.

Another contention of the appellee is that the evidence was insufficient to show purchase and payment by either Pake or Reeder, and for this reason appellant cannot stand on the assertion that they, or either of them, were purchasers for value without notice. We are of opinion, however, that the testimony of Pake, which is set forth in the statement of the case, is sufficient, in the absence of countervailing evidence, to show that he paid the full consideration recited in the deed by Mears to him. And so also that testimony of Reeder and that of appellant establishes the fact of purchase and payment by Reeder, within the rule which requires one, who relies on the fact that he is an innocent purchaser without notice, to show that he purchased the legal as distinguished from an equitable title; that he purchased in good faith and parted with value by paying money or other valuable thing, or assumed a liability or suffered detriment. Craft v. Russell, 67 Ala. 9.

Another contention of appellee is that appellant and those under whom she claims, Pake and Reeder, are not innocent purchasers without notice, because they had constructive notice of appellee's mechanic's lien arising from the recordation of the statement of the lien in the probate office. This contention presents the real question in the case.

It may be conceded that the filing and recording of the verified statement authorized by statute (Code 1923, § 8836) was sufficient to give constructive notice to all persons dealing with the property described therein that appellee had a lien for labor and material furnished to Mrs. Mears, the then owner of the property, at the time such statement was filed, that would continue for six months from the time of maturity of the indebtedness, without any further action on his part. Code of 1923, § 8855. Such seems to be the rule of the decided cases, though the statute giving the lien does not in express terms provide that such filing or recording shall be constructive notice. Code 1923, §§ 8836, 8838; Bell v. Teague, 85 Ala. 211, 3 So. 861; Buck v. Brian, 2 How. (Miss.) 874; see, also, section 6860 of the Code 1923.

Still the statute gives notice to all such persons that this lien will be lost to one in appellee's class, unless suit is filed to enforce the lien within six months "after the maturity of the entire indebtedness secured thereby." Code of 1923, § 8855.

Therefore to deny to the appellant and those under whom she claims the right to stand as innocent purchasers without notice, they having purchased for value after the expiration of six months from the maturity of his debts, appellee must show that they had notice, actual or constructive, of the suit to enforce the lien at the time of such purchase and payment. Code 1923, §§ 6878, 6881.

The lis pendens statute, § 6878, provides that:

"When any person shall begin a suit in any court, to enforce a lien upon, right to, or interest in, or to recover any real estate, such person shall file with the judge of probate of each county, where the real estate or any part thereof is situated, a notice containing the names of all the parties to the suit, or proceedings, a description of the real estate and a brief statement of the nature of the lien, writ, or suit sought to be enforced," etc.

And section 6881:

"If a person beginning any suit affecting, or if any officer, levying any process upon real estate, shall fail to have the required notice entered in the lis pendens record, such suit or levy shall not affect the rights of a bona fide purchaser. mortgagee or other lienee, of such real estate unless they have *actual notice* of the suit or levy."

The language of the statute leaves no room for the argument advanced by the appellee that suits to enforce mechanics' liens are not affected by it. Its manifest purpose is to provide a means whereby one desiring to purchase land may ascertain if there is any pending suit which affects the title by examining the lis pendens record. West Missabe Land Co. v. Berg, 92 Minn. 2, 99 N. W. 209; Vicars v. Sayler, 111 Va. 307, 68 S. E. 988; 38 C. J. 11, §§ 9 and 10.

The question as to what effect, if any, this statute has upon constructive notice of liens, the preservation of which is not dependent upon the filing of a suit to enforce them, is not presented in this case, and what we have said has no bearing upon such question.

The contention of the appellee that the appellant is deprived of the right to assert that she is an innocent purchaser without notice, because the deed executed by her husband to her expresses only a good, as distinguished from a valuable, consideration, is without merit for more reasons than one: (1) She has the right to stand in the shoes of her predecessors in title, Pake and her husband; and (2) Reeder, so far as appears when he executed the deed to his wife for a nominal consideration and love and affection, had no creditors, and, if he had, they are not complaining. As between the parties and all other persons except the creditors of Reeder, the grantor, the deed was a valid conveyance. McKee v. West, 141 Ala. 531, 37 So. 740, 109 Am. St. Rep. 54.

For the reasons stated, the decree of the circuit court was found in error, and will be reversed, and one here rendered declaring that the appellee had no title to the property, and settling and quieting the title in the appellant.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.