(133 So. 589)

**FIRST AVENUE COAL & LUMBER CO. v. RIMER et al.**

6 Div. 513.

Supreme Court of Alabama.
April 2, 1931.

Howze & Brown, of Birmingham, for appellee.

Wilkinson & Burton and Frank A. Wilkinson, all of Birmingham, for appellant.

BOULDIN, J.

The bill was filed by a materialman against the owner to enforce a mechanic's lien.

Pending the suit, the owners sold and conveyed the property, and the purchaser went into possession. Some ten months later, the purchaser sold and conveyed to a sub-purchaser who went into possession and so remains.

No notice of lis pendens was ever filed by complainant as per statute.

The subvendee, purchasing in good faith for value more than six months after complainant's demand accrued, had no notice of the pending suit. He was made a party respondent some two years later.

Under this state of facts, the court below decreed complainant's materialman's lien was lost as against the present owner. In this the

court followed the case of Reeder v. Cox, 218 Ala. 182, 118 So. 338.

By supplemental brief, appellant strongly challenges the correctness of that decision.

. The full court has considered the question, and reached the conclusion that there is no sufficient reason to overrule the same.

■■■ The further insistence that the lien on the building is not governed by the same rule in this regard is untenable.

While the law does, for the protection of those whose labor and material have brought the building into being, sever the same from the land, if need be, in working out priorities, it cannot be said the building is not part of the realty purchased, and subject to the same rule of lis pendens in favor of the bona fide purchaser.

Affirmed.

All the Justices concur except the writer who dissents in part.

BOULDIN, J. (dissenting).

Is a materialman who furnishes material to the owner for the erection of a building, and duly files in the probate court notice of his lien under Code, § 8836, and brings suit for its enforcement within six months after maturity of the entire indebtedness thereby secured under Code, § 8855, and prosecutes the same with due diligence to final decree under the mechanic's lien law, required also to file a lis pendens notice under Code, § 6878, and. failing therein, does he lose his lien as against a bona fide purchaser pending the suit? We have so declared in Reeder v. Cox, 218 Ala. 182, 118 So. 338, provided the purchase is made more than six months after the maturity of the demand of the materialman.

We are asked to reconsider the question and depart from the ruling in Reeder v. Cox, supra, as unsound.

Under the well-known doctrine of lis pendens, one who purchases real property, the subject-matter of a pending suit, from one of the litigants, takes it subject to the decree rendered therein.

The doctrine is said to be based on the necessity to conserve the property, the subject of litigation, to await the result; otherwise judgments and decrees might become empty gestures, or parties might indefinitely prolong and multiply litigation by passing the subject-matter on from one to another. Thompson v. Johnson, 201 Ala. 315, 78 So. 91; Stein v. McGrath, 128 Ala. 175, 30 So. 792; Greenwood v. Warren, 120 Ala. 71, 23 So. 686.

The result of this doctrine at common law was to charge all persons with notice of pending suits touching specific property they are about to purchase from or through litigants.

This rule has often been spoken of as a harsh one. Rooney v. Michael & Lyons, 84 Ala. 585, 4 So. 421.

To remedy this our statute was enacted, requiring a person who brings a suit to "enforce a lien upon, right to, or interest in, or to recover any real estate" to file an appropriate notice of "lis pendens" to be recorded in the office where records of deeds and incumbrances on real estate are kept. Code, § 6878.

The statute declares, with perfect clearness, the effect of a failure to have such notice recorded, viz.: "Such suit * * * shall not affect the rights of a bona fide purchaser, mortgagee, or other lienee, of such real estate unless they have actual notice of the suit or levy." Code, § 6881.

A bona fide purchaser without actual notice of the suit stands in like position as if there were no pending suit.

Such statutes, however, do not repeal, but merely limit, the common-law doctrine of lis pendens. As to all persons, not within the class named, the rule of lis pendens at common law remains in full force and effect. 1 Freeman on Judgments (3d Ed.) § 521; 17 R. C. L. p. 1016, § 10; note to 56 Am. St. Rep. 856 et seq.; note to 10 A. L. R. page 306.

The purchaser protected under our statute, in the absence of lis pendens notice, must be: First, a bona fide purchaser; second, without actual notice of the suit.

No definition of bona fide purchaser is given.

The English statute, 2 Victoria, Ch. 1157, followed by some American statutes, requires express notice of the suit, but does not otherwise define the purchaser to be protected. Even in such case it is said:

"If no notice is filed, pendente lite purchasers are wholly unaffected by the judgment, unless they have actual or constructive notice of equities which would bind, or charge their rights, or actual knowledge of the suit, in which event they are not protected by the statute." 1 Freeman on Judgments, § 520, pp. 1117, 1118 (5th Ed.); Wood v. Price, 79 N. J. Eq. 620, 81 A. 983, 38 L. R. A. (N. S.) 772, Ann. Cas. 1913A, 1210.

Since our statute expressly employs the term "bona fide purchaser," we construe it to be used in the accepted legal sense under the laws of Alabama. So construed, constructive notice of liens already shown by other recording acts is in no way modified or repealed by the lis pendens statute.

Since the prospective purchaser of lands in his search for title must examine these other records, found in the same office as the lis pendens record, and, finding such record of

a lien, must follow it up to see if it has been satisfied, no good reason appears why an additional lis pendens notice should also appear. Differently stated, one purchasing in the face of the constructive notice imported by the record of an instrument made pursuant to a recording act is not a bona fide purchaser, and hence the common-law lis pendens still applies to him. He must look out for pending suits. 38 C. J. p. 30, § 44, p. 33, § 48, note 49.

True, in suits to enforce unrecorded mortgages, or dormant liens or equities of any kind, or creditors' suits and the like where the lien arises on the filing of the bill, cases in which a bona fide purchaser would take without suit pending, and where the complainant must rely on lis pendens to sustain his lien against a purchaser, the lis pendens notice is essential. Marsh v. Elba Bank & Trust Co., 221 Ala. 683, 130 So. 323; 38 C. J. p. 33, § 48, note 45.

This brings us to consider the effect of the statement of a mechanic's or materialman's lien made, verified and recorded under Code, § 8836.

This statement must show the name of the lienholder, the name of the owner, the amount of the demand for which a lien is claimed, with a description of the property. Unless filed within a specified time, the lien is lost, but the lienholder is safeguarded against loss by any mistake in the amount or in the name of the owner or proprietor.

The purpose of this record is not only to preserve and give effect to the lien as against the owner, but to give constructive notice to all the world of the existence of such lien. Bell v. Teague, 85 Ala. 211, 3 So. 861; 40 C. J. pages 176 and 177.

The decision in Reeder v. Cox, supra, does not question this as a general principle.

The exact holding in that case can be best understood by quoting the opinion on that point:

"It may be conceded that the filing and recording of the verified statement authorized by statute (Code 1923, § 8836) was sufficient to give constructive notice to all persons dealing with the property described therein that appellee had a lien for labor and material furnished to Mrs. Mears, the then owner of the property, at the time such statement was filed, that would continue for six months from the time of maturity of the indebtedness, without any further action on his part. Code of 1923, § 8855. Such seems to be the rule of the decided cases, though the statute giving the lien does not in express terms provide that such filing or recording shall be constructive notice. Code 1923, §§ 8836, 8838; Bell v. Teague, 85 Ala. 211, 3 So. 861; Buck v. Brian, 2 How. (Miss.) 874; see, also, section 6860 of the Code 1923.

"Still the statute gives notice to all such persons that this lien will be lost to one in appellee's class, unless suit is filed to enforce the lien within six months 'after the maturity of the entire indebtedness secured thereby.' Code of 1923, § 8855.

"Therefore to deny to the appellant and those under whom she claims the right to stand as innocent purchasers without notice, they having purchased for value after the expiration of six months from the maturity of his debts, appellee must show that they had notice, actual or constructive, of the suit to enforce the lien at the time of such purchase and payment." Reeder v. Cox, 218 Ala. 185, 118 So. 338, 341.

The error, we think, is in declaring that such constructive notice is only effective for six months from the maturity of the lienholder's demand; covering a period before and after suit brought, but expiring at the end of six months.

We note, first, the statement of lien required to be filed in the office of the judge of probate under section 8836 does not name the date of maturity of such demand. If the law-makers intended notice to run only for a limited time, it is strange that no date is called for showing when such notice should expire.

Again our statutes require that, "when the lien has been fully satisfied," acknowledgment of such fact must be entered on the margin of the record of such statement, Code, § 8858, and, failing so to do on demand, a penalty of not less than $200 is imposed, just as on failure to satisfy mortgages and other record liens.

Entry of satisfaction would be useless, if the law fixes the date when such record becomes of no effect. The penalty is denounced against the wrongful continued assertion of a record lien or incumbrance upon the property of another.

We can but think the recorded statement is intended to give constructive notice until the lien is satisfied. Not only so, it is the first legal step in the enforcement of the lien.

The final basis on which Reeder v. Cox seems to be rested is Code, § 8855, which the decision declares gives notice as matter of law that the lien claimed in the recorded statement is lost unless suit is begun within six months after maturity of the indebtedness thereby secured.

This statute has been heretofore declared a statute of limitations, a shortened limitation in keeping with the policy of mechanic's lien laws, but one which goes to the remedy, must be specially pleaded, and may be waived as other statutes of limitations. Jefferson County Savings Bank v. Barbour P. & E. Co., 191

Ala. 238, 68 So. 43; Garrison v. Hawkins Lumber Co., 111 Ala. 308, 20 So. 427.

All the cases of waiver or estoppel against setting up such statute could not well be considered.

To say the recorded statement of a lien in the office of the judge of probate gives constructive notice to all the world only for the period of six months from the maturity of such indebtedness, and thereafter the lienholder must rely upon lis pendens for continued notice, is, we think, in conflict with the foregoing decisions construing the statutes upon which this holding is based.

The mechanic's lien law is a complete system within itself. The lis pendens statute gives no intimation of a modification of the same.

The result of Reeder v. Cox is to single out mechanics' liens as requiring two recorded notices to preserve them against purchasers.

The writer is impelled to hold Reeder v. Cox, on the point here involved unsound, out of harmony with settled principles declared in former decisions, and general principles of statutory construction.

The question of doubt is whether it should now be disturbed.

This is the first time this court has had occasion to reconsider the question. The present purchasers acquired the property prior to that decision, and are not in the position of purchasers in reliance upon the law as thus declared.

Mindful of the results of overruling former decisions, but mindful of the call of justice in the case in hand, mindful of that consistency and harmony in the law which will enable the profession to rightly interpret the same for the benefit of those whose legal rights are involved, mindful of the confusion and difficulties which are multiplied by efforts to differentiate and limit the effect of decisions not grounded, on sound principles, I think we should, in my opinion, correct our own mistakes as we correct those of others.