## Wytheville.

### BELL, COMMISSIONER, *v.* WOOD & OTHERS.

June 17, 1897.

1. STATUTE OF LIMITATIONS—*Bonds—Presumption of payment—Partial payments.*—Prior to July 1, 1850, there was no positive limitation as to the time within which an action must have been brought on a bond. And, although after that time a limit of twenty years was prescribed, an order for an account of debts in the case at bar, which was a suit to settle the estate of a deceased obligor, stopped the running of the statute. The presumption of payment after the lapse of twenty years is repelled by a payment within that time.

2. EQUITABLE RELIEF—*Stale demands—Laches.*—Courts of equity will not lend their aid to enforce stale demands, but demands are considered stale only where gross laches is shown with unexplained acquiescence in the operation of an adverse right. Laches is the omission of some duty, but mere delay, unaccompanied by circumstances tending to show an abandonment of the right, is not laches. Each case, however, must depend upon its own peculiar circumstances. Generally, if the sum sought to be recovered is certain, the transaction has not become obscure, and there has been no such loss of evidence as will be likely to produce injustice, a court of equity will not refuse relief merely because there has been delay in asserting the claim.

3. DEMURRER—*Deed to " Fayette Mauzy "—Acknowledged before "F. Mauzy."* On a demurrer to a petition which alleges that a deed to " Fayette Mauzy," trustee, was acknowledged before " F. Mauzy," clerk, it will not be assumed that the two names represent one and the same person. This is a matter of proof.

Argued at Richmond.   Decided at Wytheville.

Appeal from a decree of the Circuit Court of Culpeper county, pronounced September 18, 1893, in a suit in chancery wherein the appellants were petitioners, and the appellees were the defendants.

*Reversed.*

The opinion states the case.

*Bell & Smith*, for the appellants.

*G. D. Gray*, for the appellees.

Cardwell, J., delivered the opinion of the court.

In the suit of *Green &c.* v. *Smith*, pending in the Circuit Superior Court of Culpeper county, a decree was made at the November term, 1842, directing John C. Green and others, as special commissioners of the court, to make sale of certain real estate of the defendant, William Smith. The decree authorized the special commissioners to sell upon a credit of one, two and three years from the day of sale, in equal instalments, with interest, &c., to be secured by bond or bonds of the purchaser or purchasers with good personal security, and a deed of trust upon the property sold. Pursuant to the decree, the special commissioners sold on December 29, 1842, the "Coach Factory lot," or a portion thereof, situated in the town of Culpeper, to one George Ficklin, at the price of $1,180, and took his three bonds for $333.93⅓ each, for the purchase money, with Thomas Hill, Jr., as his surety, dated the day of the sale, and payable in one, two, and three years, with interest from their date. They conveyed the property to Ficklin, in which deed Mrs. E. H. Smith united, so as to convey a title exempt from her contingent right of dower, and Ficklin reconveyed the property to one Fayette Mauzy in trust to secure payment of his purchase money bonds, which trust deed was acknowledged by Ficklin before, and admitted to record in the clerk's office of Culpeper County Court by one F. Mauzy, clerk, October 23, 1843. The sale was reported to the court and confirmed. Shortly thereafter Ficklin died and Thomas Hill qualified as his administrator. In pursuance of a decree of the Circuit Court of Culpeper county in the suit of *Coons and wife* v. *George Ficklin's Adm'r*, in-

stituted for the settlement of Ficklin's estate, Thomas Hill, in January, 1854, sold the "Coach Factory lot" (dividing it into three parcels), to Joseph Brown, Nesley Wood, and John H. Rixey.   These sales were confirmed, and from these purchasers the appellees here derive such title to the property in question as they have.   In 1858, Thomas Hill, as administrator of Ficklin, paid $1,000 upon the bonds in controversy, but nothing subsequent to the confirmation of the sales above referred to seems to have been done in the suits of *Green* v. *Smith*, or *Coons and wife* v. *Ficklin's Adm'r*, till some years after the late war.   In 1877 or 1878, John Green, as commissioner in the suit of *Green* v. *Smith*, which had been removed to the Chancery Court of the city of Richmond, recovered judgment in the Circuit Court of Culpeper county on the purchase money bonds given by Ficklin and Hill for the "Coach Factory lot" and upon a report of a commissioner in chancery of the Chancery Court of Richmond, it was ascertained and determined in the suit of *Green* v. *Smith* that the plaintiff's debt asserted in that suit had been fully paid, and that Mrs. E. H. Smith was, as the assignee of the defendant William Smith's creditors, the owner of the debt secured on the "Coach Factory lot" by the trust deed given by George Ficklin to Mauzy, trustee, and a decree was made in this cause March 10, 1880, appointing A. M. Green a commissioner to collect the balance due by Ficklin, deceased; and by another decree entered May 11, 1880, Commissioner A. M. Green was directed to cause the real estate (Coach Factory lot) conveyed in the deed to Fayette Mauzy, trustee, to be sold at public auction by Fayette M. Latham, executor of Fayette Mauzy, deceased, for the purpose of paying the balance of the purchase money therefor due by Ficklin, upon terms prescribed as to balance due by Ficklin's estate and the costs of sale, and as to residue upon such terms as Ficklin's administrator might direct.

Pursuant to this decree, and after obtaining directions in writing from Thomas Hill, administrator of Ficklin, to sell

upon the same terms of credit prescribed in the decree, La-
tham, as executor of Fayette Mauzy, deceased, offered the
property for sale by public auction , at Culpeper courthouse,
October 23, 1880, when G. D. Gray, an attorney at law,
read aloud in the presence of all persons attending the sale,
a notice in writing signed by himself, notifying "all persons
and parties that the persons now owning and occupying said
real estate, and those under whom they claim, have been in
adverse possession of said property for over twenty-six years,
and for this and other reasons they claimed perfect title to
the same, which cannot be affected by the decree under which
said property is now offered for sale, and that they would not
surrender possession of said property till they were compelled
to do so by due process of law."

Commissioner Green, and Latham, executor, disregarded
this notice, and proceeded with the sale, and C. G. Miller,
being the highest bidder, the property was knocked out to
him at the price of twenty-five hundred dollars.   The pur-
chaser at once signed a memorandum of his purchase, but re-
fused to pay any part of the purchase money or to give his
bonds therefor; whereupon Green, commissioner, made a re-
port of these facts to the Chancery Court of Richmond, and
June 26, 1883, he and Latham, executor of Fayette Mauzy,
deceased, filed their petition in the case of *Green* v. *Smith*,
setting forth all the foregoing facts, and further alleging that
all the parties in possession of the real estate in question claim
title under George Ficklin; that after the death of Ficklin,
Thomas Hill was appointed a commissioner of the Circuit
Court of Culpeper county, at the November term, 1853, in
the suit of *Coons and wife* v. *Ficklin's Adm'r*, &c., and on
January 4, 1854, sold this real estate in three lots, one to J.
D. Brown, one to Nesley Wood, and the other to John H.
Rixey; that said sales were reported to the court and con-
firmed, and a decree entered for the collection of the purchase
money by Hill, as commissioner, and when paid for deeds to

be made by Hill as commissioner to the purchasers, respectively; that the purchasers, Brown, Wood and Rixey, paid all their purchase money to Hill as commissioner, and received from him deeds for their respective purchases, and that these purchasers took possession of their several lots before the deeds were made to them, subject to the lien of the deed of trust given by George Ficklin to secure the purchase money due and unpaid by him. The petition then sets out the conveyances of the lots sold to Brown, Wood and Rixey subsequently made, and shows that the appellees were the then claimants and occupants of the property, and avers that the claimants are privies in estate with George Ficklin, and their possession not adverse to the trust deed given by him to secure the purchase money still due, but in accordance with its terms; that at its June term, 1877, the Circuit Court of Culpeper county made a decree in the suit of *Coons and wife* v. *Ficklin's Adm'r, &c.*, referring the cause to a commissioner to take and report a further account of debts against the es tate of Ficklin; that James W. Green, a former commissioner of sale, in the suit of *Green* v. *Smith*, laid before the commissioner executing the decree for an account of debts against Ficklin's estate the three bonds of Ficklin secured by the deed to Mauzy, trustee, on the "Coach Factory lot," and that the commissioner made his report of the debts against the estate of Ficklin on the 9th of October, 1877, including the debt due on those bonds as due to the fund in *Green* v. *Smith*, and that this report was confirmed by decree of the Circuit Court of Culpeper county, entered April 4, 1883, in the cause of *Coons and wife* v. *Ficklin's Adm'r, &c.*

It is further alleged that by the proceedings had, both in the causes of *Green* v. *Smith* and *Coons and wife* v. *Ficklin's Adm'r, &c.*, the amount of the balance owing by Ficklin's estate and secured by the trust deed given to secure the same has been ascertained; that the real estate in the possession of the present claimants is liable to the lien of the trust deed and

VOL. XCIV—86

had been decreed to be sold to pay the balance of the debt thereby secured, but that petitioners are obstructed and hindered in selling the property, &c.

The trust deed is made a part of the petition, and the prayer of the petition is that the parties asked to be made defendants be required to surrender the possession of the lots to petitioner F. M. Latham, executor of Fayette Mauzy, trustee, deceased, that he may proceed with the sale thereof, &c.

Process was issued against the defendants named in the petition to answer, and the cause (*Green* v. *Smith*) having been removed back to the Circuit Court of Culpeper county, they appeared on June 4, 1892, and demurred generally to the petition. When the cause was heard at the September term, 1893, of the Circuit Court of Culpeper county on the petition and exhibits therewith, and the demurrer thereto, the demurrer was sustained, and the petition dismissed.

It is from this decree that this appeal, by John W. Bell, appointed commissioner in the place of A. M. Green, who had died, and Mary N. Smith, executrix of Mrs. E. H. Smith, deceased, and administratrix of William Smith, deceased, is taken.

The defences relied on by appellees are presumption of payment arising from the lapse of time; the equitable bar, founded on the lapse of time and laches of the creditor and that they are *bona fide* purchasers for value without notice of the lien of the deed from George Ficklin to Fayette Mauzy, trustee, as the deed was never properly admitted to record in the clerk's office of Culpeper County Court.

The purpose of the petition was to make the claimants of the property parties to the suit of *Green* v. *Smith*, and to bring them into court to answer.

We need not discuss the question whether or not the statute of limitations may be taken advantage of by way of demurrer, as that question does not arise. There was no positive limitation of time as to the right of action upon the bonds

secured by the trust deed till the passage of our statute which took effect July 1, 1850, and from that date to the June term, 1877, of the Circuit Court of Culpeper county, when, according to the allegation in the petition, a further account of debts against the estate of George Ficklin, deceased, was ordered in the suit of *Coons and wife* v. *Ficklin's Adm'r, &c.*, which stopped the operation of the statute, it was only nineteen years, two months and seventeen days, excluding the period of the stay law from April 17, 1861, to January 1, 1869. The statutory bar to an action on the bonds did not therefore apply.

There was unquestionably a lapse of twenty years from the maturity of the bonds to June 1, 1877, excluding the period of the stay law, whereby the common law presumption of payment arose, but the petition alleges a payment on the debt by Ficklin's administrator November 8, 1858, which repels the presumption. It follows, therefore, that the debt asserted was an existing debt when the petition of appellants was filed in 1880, or 1883.

The question of laches is attended with more difficulty. "Laches" is the neglect to do something which a party ought to do, and mere lapse of time, unaccompanied by some circumstance affording evidence of a presumption that the right has been abandoned, is not considered "laches." And claims are considered "stale" only where gross laches is shown with unexplained acquiescence in the operation of an adverse right. It is unquestionably true that a court of equity will refuse its aid to enforce stale demands, where the party has slept upon his rights or acquiesced for an unreasonable length of time. But whether the lapse of time is sufficient to bar a recovery, must, of necessity, depend upon the particular circumstances of each case. *Tunstall's Adm'r* v. *Withers et als*, 86 Va. 892, and cases cited.

Apparently, by the petition of the appellants and the trust deed from George Ficklin to Mauzy, trustee, admitted to

record in Culpeper County Court Clerk's office, in 1843, and made a part of the petition, the trust deed was a subsisting lien upon the property in controversy, and operated as constructive notice to the purchasers of the property at the sale by Hill, commissioner, in the suit of *Coons and wife* v. *Ficklin's Adm'r*, under whom appellees claim.

The petition sets out facts and circumstances which, if sustained by the proof, would repel the presumption that the debt has been paid, and explain the great lapse of time in the enforcement of the lien, and the demurrer admits the truth of these allegations. There was a payment on the debt in 1858, and the balance due thereon ascertained and fixed in the suit of *Coons and wife* v. *Ficklin's Adm'r*, before the lapse of time was sufficient to raise the presumption of payment or the abandonment of the lien securing the debt—a suit instituted certainly as early as 1853, in which Ficklin's property was sold to pay his debts and the surplus, if any, to be distributed among his heirs. It might have been rendered unnecessary to enforce the lien of this deed of trust by the payment of the debt secured therein out of the fund in the suit of *Coons and wife* v. *Ficklin's Adm'r*. The transaction has not become obscure; the sum sought to be recovered is not uncertain, and the case, as made by petitioners, does not show such loss of evidence as to produce danger of doing injustice. The claim has been reduced to judgment, certainly against Hill, administrator of the debtor, Ficklin, and was recognized by the administrator in 1880 as an existing debt against his decedent when he prescribed by endorsement on the advertisement by Green, commissioner, the terms upon which the sale of the property should be made under the decree of May 4, 1890.

The allegations of the petition do not warrant the presumption of payment or the release of the debt, but show the payment of the debt, or abandonment of the lien therefor improbable. 2 Jones on Mort., secs. 1196-1198.

Opinion.

Whether or not the deed from George Ficklin to Fayette Mauzy, trustee, was legally admitted to record in the clerk's office of Culpeper County Court is a question not raised by the demurrer. This is a matter of defence, to be set up by way of plea or answer. It is not to be inferred that Fayette Mauzy, the trustee named in the deed, and F. Mauzy, clerk, who took and certified the acknowledgment of Ficklin, the grantor, were one and the same person. *Corey* v. *Moore*, 86 Va. 721. It cannot be assumed that an officer has been guilty of improper conduct in the discharge of a duty incident to his office, though such a fact may be shown by proof when put in issue.

We are of opinion that the demurrer to the petition of Green, commissioner, and Latham, executor of Mauzy, trustee, deceased, should have been overruled, and the cause proceeded in to a hearing on the merits. The decree appealed from must therefore be reversed, and the cause remanded for further proceedings therein in accordance with this opinion.

*Reversed.*