| 100 | 741 |
| f104 | 71 |

| 100 | 741 |
| 106 | 5 |

| 100 | 741 |
| 108 | 9 |
| 108 | 663 |

| 100 | 741 |
| 109 | 786 |

# 𝔕𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

TIDBALL AND OTHERS V. SHENANDOAH NATIONAL BANK AND
OTHERS.

December 4, 1902.

1. RES JUDICATA—*Decrees of Court of Appeals—Law of the Case.*—A decision by the Court of Appeals becomes, after the rehearing period has elapsed, as conclusive upon that court as it is upon the inferior court. It is the law of the case.

2. CHANCERY PLEADING—*Amendments—New Case.*—Amendments of pleadings are allowed which have for their object the trial and determination of the subject-matter of the controversy upon which the suit was originally based, but amendments will not be allowed which bring into the case a new and substantive cause of action different from that declared on and intended to be asserted when the suit was brought. If the amendment seeks to assert rights and to enforce claims arising out of the same transaction, act, agreement, or obligation, however great may be the difference in the form of liability as contained in the amendment from that stated in the original bill, it will not be regarded as for a new cause of action.

3. CHANCERY PRACTICE—*Laches—Mere Delay—Staleness.*—Delay alone in the prosecution of a suit will not prevent a recovery. Length of time alone is not a test of staleness, and mere lapse of time, unaccompanied by some circumstance affording evidence of a presumption that the right has been abandoned, is not laches. Generally, if the sum sought to be recovered is certain, the transaction has not become obscure, and there has been no such loss of evidence as will be likely to produce injustice, a court of equity will not refuse relief merely because there has been delay in asserting the claim.

4. INTEREST—*Damages.*—In contracts for the payment of money, interest is not given as damages at the discretion of the court or jury, but as an incident of the debt which the court has no discretion to refuse, but even if it were in the discretion of the court to refuse interest, the facts of this case would not warrant such refusal.

Appeal from a decree of the Circuit Court of Frederick county, pronounced at its March term, 1900, in a suit in chancery, wherein the appellee, Shenandoah National Bank, was the complainant, and the appellants and others were the defendants.

*Affirmed.*

The opinion states the case.

*Holmes Conrad,* for the appellants.

*R. E. Byrd,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

This is the second time this case has been before this court. The opinion of the court on the former appeal (*Tidball* v. *Bank,* 98 Va. 769) contains a statement of the case, and a history of the proceedings had therein prior to that time. Upon that appeal the court held that the original bill was demurrable upon two grounds—

(1) Because it did not allege that the endorser whose estate was sought to be held liable for the negotiable notes sued on had notice of their dishonor; and,

(2) Because it failed to make the original debtors, the makers of the notes, parties to the suit.

It further held that the decree of the November term, 1883, as construed by this court, and the decree of May 12, 1897, ought not to be interfered with; that the decree of the March term, 1900, should be set aside and the cause remanded, and that, after the bill had been amended, each party should be allowed to file exceptions to the report of Commissioner Steck, and to take further evidence, if desired, but declined to express any opinion on the defence of laches then and now relied on by the appellants. When the case went back to the Circuit Court an amended and supplemental bill was filed, in which it was alleged that due notice had been given the executor of the en-

dorser, of the dishonor and protest of the negotiable notes sued on, and the notaries' certificates thereof were filed, and made a part of the amended and supplemental bill. To this amended and supplemental bill the personal representatives of Marshall and Burgess, the makers respectively of two of the notes, were made parties defendants. The maker of the other note was not made a party; it being alleged that that note had been fully paid off and discharged by the maker and prior endorser since the institution of the original suit.

The appellants, the defendants in the court below, appeared and made defence to the amended and supplemental bill on the ground that it came too late, and also upon the ground that it set up and sought to enforce an entirely new cause of action from that set up in the original bill. They demurred to the bill, assigning six different grounds of demurrer, pleaded the statute of limitations, and filed an answer in which, among other things, they set up the defence of laches. They also filed exceptions to Commissioner Steck's report ascertaining the balance due on the notes sued on.

Upon a hearing of the cause the court rendered a decree in favor of the complainant for the balance found due by the commissioner's report. From that decree this appeal was taken.

One of the assignments of error is that the amended bill was filed too late.

The propriety of filing an amended bill was considered upon the former appeal. The conclusion then reached was that it was a proper case for an amended bill. As to the correctness of that conclusion we have no doubt, but if we were satisfied now that it was erroneous we have no power to correct it. The decision of this court upon the former appeal is as conclusive upon us as it was upon the Circuit Court. It is the law of this case. *Stuart's Ex'or* v. *Peyton*, 97 Va. 796, and cases cited.

Another assignment of error is that the Circuit Court erred in allowing the amended bill to be filed upon the ground that it made a new case.

By the original bill it was sought to subject the estate of an endorser to the payment of certain negotiable notes. That bill did not aver all the facts necessary to show the endorser's liability. The amended bill made the necessary averments, and also made as new parties to the bill the personal representatives of the makers of the notes endorsed. The amendments did not make a new case.

The rule as to what amendments may be made after appearance and what amendments will not constitute a new cause of action was laid down in *New River Mineral Co.* v. *Painter, ante* p. 507, as follows:

"The rule generally prevailing seems to be that such amendments will be permitted as have for their object the trial and determination of the subject-matter of the controversy upon which the action was originally based, but amendments will not be allowed which bring into the case a new and substantive cause of action, different from that declared on, and different from that which the plaintiff intended to assert when he instituted his action. If the plaintiff, in the amended declaration, is attempting to assert rights and to enforce claims arising out of the same transaction, act, agreement, or obligation, however great may be the difference in the form of liability as contained in the amended from that stated in the original declaration, it will not be regarded as for a new cause of action."

That was a case at law, but the rule as to amendments is certainly not less liberal in equity than at law.

If the contention of appellant's counsel were correct, a pleading which omitted some essential allegation could never be amended. This is clearly not the law. It is the settled practice in this State that such amendments can be made, and it would be a reproach to the administration of justice if they could not. See 1 Barton's Chy. Pr. (2d ed.), 344, and following, where many cases are cited.

The amendments made by the amended bill were authorized

by this court upon the former appeal, and having been made in accordance therewith, the propriety of filing the amended bill is no longer an open question.

The action of the Circuit Court in overruling the demurrer to the amended bill is assigned as error.

Without discussing in detail the six grounds of demurrer insisted on, some of which are disposed of by what has been said, it is sufficient to say that the amended and supplemental bill, which includes the exhibits filed therewith and made a part thereof, does aver facts which show that the complainant bank was the holder and owner of the negotiable notes in question; that upon their maturity they were presented for payment, payment demanded and refused, and the notes duly protested; and that the executor of the endorser on the notes had due notice of the demand, non-payment, protest and dishonor of the said notes; that the estates of the makers were insolvent, and that the endorser's estate was liable for the payment of the unpaid balances thereof.

The next assignment of error is that the appellee bank was guilty of such laches in the prosecution of its rights that it should be denied relief.

If the appellee bank has been guilty of laches it has been in the prosecution of its suit after it was brought. The suit was brought within less than five years after the maturity of the notes sued on, and within five years after the death of Tidball, the endorser. The suit was brought in January, 1881. No order was made in the cause until November, 1882, when the bill was taken for confessed, and the commissioner directed to settle the accounts of the personal representative of the endorser, and to report the debts due from his estate which might be produced before him. The commissioner made his report some time during the year 1883, and it was confirmed, without exception, in November of that year. Nothing further was done in the case until December, 1896, when the complainant

in that suit filed his petition asking to be permitted to set up and enforce the collection of the balance due on the notes, which had not been reported by the commissioner directed to report the indebtedness of the estate.

That there has been delay in the prosecution of the appellee's suit, there can be no questtion. But delay alone in the prosecution of a suit does not prevent a party from recovery. Length of time alone is not a test of staleness of a demand, and mere lapse of time unaccompanied by some circumstances affording evidence of a presumption that the right has been abandoned is not laches. *Cole's Adm'r* v. *Ballard*, 78 Va. 139; *Wissler* v. *Craig's Adm'r*, 80 Va. 20; *Whitlock* v. *Johnson*, 87 Va. 333; *Bell* v. *Wood*, 94 Va. 677. Generally, if the sum sought to be recovered is certain, the transaction has not become obscure, and there has been no such loss of evidence as will be likely to produce injustice, a court of equity will not refuse relief merely because there has been delay in asserting the claim. *Bell* v. *Wood, supra*. The circumstances surrounding the case do not show an abandonment of its claim by the bank. For years after this suit was brought collections were being made from those primarily liable, or their estates, and applied to the satisfaction of the notes sued on. The McGill note was entirely discharged by the maker during the pendency of this suit. The Burgess note has been reduced by payments made on it amounting to more than one thousand dollars, since the suit was instituted, out of the proceeds of collaterals held by the bank. That note and the Marshall note have been in suit against those primarily bound, and in each suit Tidball's executor was a party, and in one of them he himself filed the bill and set up the liability of his testator's estate on the note, and secured the payments by which it was credited.

There is no uncertainty about the amount of the bank's demand, nor the credits to which it is subject. The transaction has not become obscure by the lapse of time or loss of evidence.

The demand was evidenced by notes. The only sources from which payments could be made were the chancery suits to which Tidball's executor was a party. Those suits were against the representatives of dead men whose estates were administered in chancery causes which show all that was applicable to the payment of their debts, and the application made. The decrees in those cases fix the amount of the debts, and the amount of credits. There is no uncertainty as to either. There is no doubt that the balance unpaid and due from Tidball's estate is correctly ascertained by the report of the commissioner. Nor are we able to see that any injury has resulted to Tidball's estate from the bank's delay in enforcing its demands and subjecting the assets to their payment. By delay the collateral securities held by the bank or acquired by Tidball's executor for the indemnification of his testator's estate were made available and applied to the payment of the bank's debt.

Ordinarily, the court will not subject the surety's estate to the payment of the principal's debt, where both are being administered by the court, until the principal's estate has been exhausted. But if the court had made an exception to that rule in this case, and the bank had vigorously pressed its suit and subjected the estate of Tidball, before the estates of those primarily liable had been made available, it would have been compelled to pay a much greater sum than it now has to pay, and to have paid it it would have been necessary to have sold the farm which it appears has since greatly increased in value. Instead, therefore, of being injured, the estate of Tidball has really been benefited by the delay.

The remaining assignment of error to be considered is that the Circuit Court erred in allowing interest on the principal sum decreed the bank since the order of reference at the November term, 1882.

The general rule is that if no valid ground of defence is shown, the judgment or decree is rendered for the interest as

well as for the principal. In contracts like those sued on, the interest is not given as damages at the discretion of the court or jury, but as an incident to the debt which the court has no discretion to refuse. *Chapman* v. *Shepperd,* 24 Gratt. 384; *Roberts* v. *Cook,* 28 Gratt. 207. But in our view, even if it were in the discretion of the court to refuse or to allow interest, according to the circumstances of the particular case, the facts of this case do not furnish any ground for refusing interest. The money of the legatees has not been withheld from them during any part of the time in question. They have had the benefit and use of the farm during all that period, and the bank has been deprived of the use of the money which the testator contracted to pay in 1877. It is as much entitled to the interest as it is to the principal.

We are of opinion that there is no error is the decree complained of, and that it should be affirmed.

*Affirmed.*