## Richmond.

HUNTON, COMMISSIONER, AND ANOTHER v. WOOD AND OTHERS.

### January 15, 1903.

1. REGISTRY—*Acknowledgments by Grantor Before Trustee.*—A trustee in a deed of trust cannot, as an officer, take the acknowledgment of the grantor in such deed for the purpose of its registration. A recordation of a deed upon such an acknowledgment will not give constructive notice of the deed. The deed is good between the parties, but void as to creditors and subsequent purchasers for value and without notice.

2. VENDOR'S LIEN—*Implied Lien—Express Security—Invalidity of Express Lien.*—Where, prior to 1850, a vendor of real estate took a deed of trust to secure the purchase price, he cannot afterwards rely on the implied vendor's lien then recognized, although the deed of trust is void as to subsequent purchasers for want of due registry. This rule applies to judicial sales as well as to sales between private individuals.

3. REGISTRY—*Vendor and Vendee.*—It is not necessary, as between vendor and vendee and those claiming under the latter, to record a deed in order to pass the legal title.

4. REGISTRY—*Unrecorded Trust Deed—Purchaser at Judicial Sale.*—Purchasers at a judicial sale are entitled to the same protection against an unrecorded deed of trust as a purchaser from a private individual.

5. PURCHASER—*Unrecorded Lien—Notice—Bad Faith.*—Notice, to affect a subsequent purchaser for value from one who holds title subject to a lien upon property, may be inferred from circumstances as well as proved by direct evidence, but the proof must be such as to affect the conscience of the purchaser, and be so strong and clear as to fix upon him the imputation of bad faith.

Appeal from a decree of the Circuit Court of Culpeper county, pronounced at its November term, 1899, in a chancery

suit therein pending under the style of *Green* v. *Smith and Others*, wherein a petition was filed by the appellants to which the appellees were made defendants.

*Affirmed.*

The opinion states the case.

*Eppa Hunton, Jr.*, and *Thomas Smith*, for the appellants.

*G. D. Gray* and *Barbour & Rixey*, for the appellees.

CARDWELL, J., delivered the opinion of the court.

This case is the sequel of the case of *Bell* v. *Wood*, 94 Va. 677, 27 S. E. 504.

In November, 1842, George Ficklin purchased of John T. Green and two others, commissioners of the Circuit Superior Court of Culpeper county, in the suit of Green against Smith, a lot of land known as the "Coach Factory Lot," situated in the town of Culpeper, and gave his three bonds for the unpaid purchase money, each for $333.33, with one Hill as his surety, dated the day of the sale, and payable in one, two and three years, with interest from their date. The commissioners, pursuant to the decree under which they acted, conveyed the property to Ficklin, in which deed Mrs. E. H. Smith, the wife of William Smith, the owner of the property, united, so as to convey a title exempt from her contingent right of dower; and Ficklin reconveyed the property to one Fayette Mauzy, of Culpeper county, in trust to secure the payment of his purchase-money bonds, which trust deed was acknowledged before the clerk of the County Court of Culpeper county, and spread upon the records of the clerk's office of Culpeper County Court by one F. Mauzy, county clerk, October 23, 1843. The decree under which Ficklin purchased directed the commissioners of sale to make to the purchaser a deed to the property, and take from him a deed of trust on it to secure the purchase

money. The commissioners of sale reported that they had sold
the coach factory lot to Ficklin; that they had conveyed it to
him, and had taken the deed of trust above referred to to se-
cure the purchase money, evidenced by his bonds; and the
court ratified the action of the commissioners and confirmed
their report. The deed to Ficklin from the commissioners
does not appear to have been recorded in the clerk's office of
Culpeper county, but the trust deed from him to Fayette
Mauzy, trustee, refers to it as having been duly executed. Fick-
lin died in 1852, and soon thereafter, in the suit of Coons and
wife against Ficklin, instituted for the settlement of his estate,
several lots of land, among others the coach factory lot, sub-
divided into smaller lots (the lots now in question), were sold
at public auction by one Hill, the executor of Ficklin, acting as
commissioner of the court to make the sale, and were pur-
chased by Brown, Wood, and Rixey. These sales were con-
firmed by the court, the purchase money paid, and the lots pur-
chased were conveyed to the respective purchasers by a com-
missioner of the court appointed for the purpose, and by suc-
cessive alienation these lots have come to the present owners,
appellees here.

The appellants are seeking to collect a large balance alleged
to be due and unpaid on the Ficklin bonds, above mentioned,
and to that end to subject the lots of land now in the posses-
sion of appellees, who claim to be purchasers for value, with-
out notice of any lien in favor of appellants. They set up
other defences, but in the view we take of the case it is only
necessary for us to consider the question whether or not ap-
pellees are purchasers without notice of the lien asserted by
appellants.

First, appellants claim the right to subject the property in
question to the payment of their debt by virtue of the deed of
trust from George Ficklin to Fayette Mauzy, trustee; while
appellees contend that this deed was never properly acknowl-

edged or admitted to record, and that, although it may actually
have been spread upon the records, it is void as to them.

The ground upon which appellees rest their contention is that
Fayette Mauzy, the trustee, and grantee in the deed, and F.
Mauzy, county clerk, who certifies the acknowledgment of
George Ficklin, the grantor, and admitted the deed to record,
was one and the same person.

When the case was here upon the former appeal (*Bell* v.
*Wood, supra*), it was said in the opinion: "It cannot be as-
sumed that an officer has been guilty of improper conduct in
the discharge of a duty incident to his office, though such a
fact may be shown by proof when put in issue." This issue was
made up when the case went back to the Circuit Court, and
upon the proof taken it appears that Fayette M. Latham is
the executor of Fayette Mauzy, and as such is a party to the
suit of Coons and wife against Ficklin, etc., and that in the pe-
tition filed by him and appellants in that suit to enforce the
payment of the debt here asserted it is alleged that said Fayette
Mauzy was the trustee in the deed in question. George D.
Gray, a resident of Culpeper county all his life, a practitioner
of law of high standing, and for a number of years attorney
for the Commonwealth in that county, testifies that Fayette
Mauzy was the clerk of the County Court of Culpeper county
from 1839 to 1852; that he always signed his name as F.
Mauzy; that the deed of trust was acknowledged in 1843, dur-
ing the time that Mauzy was clerk; that he (witness) knew
Fayette Mauzy from the year 1840 to his death, in 1852; that
he was trustee in many deeds, and frequently, as clerk, took
the acknowledgment of the grantor in the deed to himself, as
the records in the office will show; that he (witness) was well
acquainted with the people of the county, and during the time
from 1843 to the death of Fayette Mauzy there was no other

Fayette Mauzy or F. Mauzy known to him in the county of Culpeper.

From this uncontradicted proof there can be no sort of doubt that Fayette Mauzy, trustee in the deed from George Ficklin, and F. Mauzy, county clerk, who took and certified the acknowledgment of the grantor, were one and the same person.

It was ably argued, however, that, although it might be true that F. Mauzy, county clerk, who took the acknowledgment, and Fayette Mauzy, the grantee in the deed, were one and the same person, yet, as the act of taking the acknowledgment was but a ministerial act, it ought not to invalidate the recordation of the deed, and in support of this contention a number of well-reasoned decisions by courts of other States are cited; but as this question is no longer an open one in Virginia, it having been expressly decided adversely to appellants' contention in *Davis* v. *Beazley,* 75 Va. 491, since cited by this court in a number of cases, we deem it unnecessary to review the decisions of other courts relied on by appellants. In *Davis* v. *Beazley, supra,* it was held that a grantee in a deed, or a beneficiary under it, is not allowed, as an officer, to take an acknowledgment of the deed by the grantor with the view to its registration. The certificate of such acknowledgment is invalid as authority to admit the deed to record, and hence a recordation based upon it is without effect as notice by construction under the registry laws; that such a deed is good between the parties, and, if not duly admitted to record, is void only as to creditors and subsequent purchasers. Section 2465, Code. This statute is practically the same with reference to registry of contracts, deeds, etc., touching the sale and conveyance of property that was in force when the trust deed in question here was taken and spread upon the records of the County Court of Culpeper county in 1843.

It not being denied that appellees are purchasers for value,

the trust deed under which appellants claim a lien upon their property is unquestionably void as to them.

It is true, as appellants further contend, that at the time of this transaction—that is, at the time of the sale of the coach factory lot to George Ficklin in 1842—the common-law implied vendor's lien was in existence, it not having been abolished until 1850, and it could be enforced against a purchaser for value with notice, either actual or constructive; but, even as between the parties, vendors and vendees, it might be waived by taking other securities, or a security of different form.

In *Redford* v. *Gibson*, 12 Leigh, 343, the opinion by Allen, J., says: "This lien (implied vendor's lien) is, however, a creature of a court of equity, founded upon the supposed intention of the parties; and whenever, from the circumstances of the case, it appears that the parties did not contemplate such a lien, it will not be established. There is strong reason in our country, where all the incumbrances are required to be recorded, not to extend this secret equitable lien beyond the principles already established. The records are universally looked to as disclosing all charges upon the property. Prudence dictates the propriety in all cases of retaining an express lien where the legal title is parted with. If the vendor, instead of adopting this course, chooses to rely on his secret equitable lien, he should be cautious not to do anything leading to the inference that no such lien was intended to be retained."

As we have seen, the commissioners of the sale in Green against Smith were clothed with full authority to convey the coach factory lot to George Ficklin, to take from him a deed of trust thereon to secure the unpaid purchase money, and, having exercised this power and authority, their action was ratified and confirmed by the court. The deed of trust taken, being valid as between the parties thereto, could only operate as constructive notice to purchasers from Ficklin from its recordation, as required by the registry laws, or from the time

that such purchasers had actual notice of it. Therefore, an express lien having been taken to secure the purchase money due from Ficklin, void as to subsequent purchasers from him or his alienees by reason of the failure to record the same as required by the registry laws, appellants cannot be permitted to set up the implied vendor's lien as security for the payment of the claim they now assert. Without a recordation of this trust deed, or actual notice of it, the purchasers at the judicial sale of the property in Coons and wife against Ficklin took such title as George Ficklin might have conveyed in his lifetime, which would have been a mere equity of redemption had the trust deed been duly recorded, but was in fact a valid legal title, free from the incumbrance of the deed of trust, it not having been duly recorded. The recordation of Ficklin's deed was not necessary to invest him with the legal title. It gave him no greater or higher estate by having it recorded, and as between him and his vendee he could have passed all he had, whether his title was recorded or not, free from the incumbrance of the unrecorded trust deed; and such was the effect of the conveyance from the commissioners of sale to Brown, Wood, and Rixey, from whom appellees derive title. There is no pretense in the record that appellees, or those from whom they derive title, had actual notice of the claim asserted by appellants. As was said in *Floyd* v. *Harding*, 28 Gratt. 401: It is no hardship on parties claiming the right to subject property under a deed of trust to the payment of money due them to have their deed duly and properly spread upon the records of the county, so as to affect other people desiring to purchase such property with notice thereof.

However much courts of equity may incline to resort to every just and proper means to enforce the payment of purchase money due for property, there are others whose rights are equally to be considered, and whose claims upon the conscience of the chancellor are equally as strong and cogent as

those that are made by vendors who are seeking to enforce payment of their purchase money, and they are those who can say that they have in good faith bought the property which is the subject-matter of litigation, paid their purchase money therefor, and are in no default.

Purchasers at a judicial sale are entitled to the same protection against an unrecorded trust deed as a purchaser from a private individual. The statute makes no distinction. 16 Am. & Eng. Enc. Law, 831; *Zollman* v. *Moore*, 21 Gratt. 325. So a purchaser of equitable title is protected against an unrecorded trust deed. *Preston's Admr.* v. *Nash*, 76 Va. 1.

It is true that notice sufficient to affect a subsequent purchaser from one who holds title subject to a lien upon property may be inferred from circumstances, as well as proved by direct evidence; but the proof must be such as to affect the conscience of the purchaser, and must be so strong and clear as to fix upon him the imputation of *mala fides*. As stated by Mr. Minor (2 Minor, Inst. 887): "The effect of the notice which will charge a subsequent purchaser for valuable consideration, and exclude him from the protection of the registry law, is to attach to the subsequent purchaser guilt of fraud. It is, therefore, never to be presumed, but must be proved, and proved clearly. A mere suspicion of notice, even though it be a strong suspicion, will not suffice." See, also, *Vest* v. *Michie*, 31 Gratt. 149, 31 Amer. Rep. 722; *Mills Co.* v. *Strough*, 98 Va. 721, 37 S. E. 290; *Fischer* v. *Lee*, 98 Va. 163, 35 S. E. 441.

In this case not only is there no proof whatever of such facts and circumstances as would warrant the inference of notice to appellees sufficient to affect their conscience, but in fact it appears that in a petition filed in the case of Coons and wife against Ficklin by a commissioner of the court in Green against Smith, then charged with the collection of the very debt that is now here asserted, and in which he sought to be substituted to the rights of others who had received the purchase money

from the sale of property belonging to George Ficklin in the first-named case, and referring to the lots now owned by appellees, this statement is made: "Said lots have long since passed into the hands of innocent third, fourth, or fifth parties, who have been *bona fide* purchasers, and it would be inequitable to proceed against them now for said purchase money, as your petitioner would be obliged to do if the said debts should not be paid in full in this suit." This petition was not filed until 1886, at the March term of the court, and but a few years after the first effort was made to collect the George Ficklin bond, even against Ficklin's estate, or his surety on said bond; and, if the holders of the lots in question were then to be regarded as innocent purchasers for value, without notice, they remain so, since there is no proof in the record to the contrary.

We are of opinion that the decree of the Circuit Court denying the right of appellants to subject these lots to the claim they assert and dismissing their petition is plainly right, and it is therefore affirmed.

*Affirmed.*