Statement.

𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

Branner v. Branner's Administrator.

November 19, 1908.

1. Equity Practice—*Bill for Account—Amendment—Surcharging and Falsifying Prior Settlement.*—If, upon a general bill for an account, the defendant relies upon and proves a prior settlement *in pais* of the matters in dispute, the complainant should be allowed to amend his bill, if desired, and to surcharge and falsify the stated or settled account by pointing out or indicating specifically any items of error, mistake or omission existing therein.

2. Laches—*Mere Lapse of Time—Case in Judgment.*—Mere lapse of time, unaccompanied by some circumstance affording evidence of a presumption that a right has been abandoned, is not laches. Generally, if the sum sought to be recovered is certain, the transaction has not become obscure, and there has been no such loss of evidence as will be likely to produce injustice, a court of equity will not refuse relief, merely because there has been delay in asserting the claim. In the case in judgment, only three years had elapsed, and there were no other circumstances forbidding the relief prayed.

3. Appeal and Error—*Commissioner's Report—Objections Not Made in Trial Court.*—Objections to the report of a commissioner in chancery not made in the trial court cannot be made for the first time in this court.

Appeal from a decree of the Circuit Court of Rockingham county. Decree for the defendant. Complainant appeals.

*Reversed.*

The opinion states the case.

*D. O. Dechert* and *Roller & Martz,* for the appellant.

*Tavenner & Bauserman,* for the appellee.

HARRISON, J., delivered the opinion of the court.

The object of the original bill in this suit was to obtain a settlement of the accounts of Michael Branner, deceased, who in his lifetime had, as receiver, taken charge of a fund belonging to his nephew, C. E. Branner, an infant.

A settlement of the accounts was ordered before a commissioner, who ascertained and reported that the late receiver was indebted to the complainant in the sum of $388.10, as of June 9, 1902, with interest from that date, making a total due, as of February 9, 1907, the date of the report, of $496.66, of which $388.10 was principal. This result arose from the fact, reported by the commissioner, that in a settlement *in pais* between the parties, made in June, 1902, the receiver failed to account to his ward for an item of $225.00, which the evidence showed he had misappropriated and applied to his own debt due to the personal representative of Joseph Andricks, deceased.

After the evidence was all taken and the report made, the complainant filed an amended and supplemental bill, admitting the personal settlement between the receiver and himself, alleging that said settlement began with an item of $525.61, which was stated to be the whole amount due complainant as of April 4, 1904; that he had no reason at the time to suppose that there was a mistake or omission of $225.00 in ascertaining said balance of $525.61, and proceeded to settle on that basis; that he had subsequently discovered that the balance of $525.61 had been arrived at by the receiver charging to complainant the item of $225.00, which the receiver had, in fact, applied in part payment of a debt which was due from himself to the estate of Joseph Andrick. The prayer of the amended bill was that this error or mistake in the settlement between the parties be corrected, and the sum of $225.00, which was paid to the receiver August 12, 1892, and improperly applied to his own debt, be accounted for to complainant.

The cause was finally heard December 4, 1907, upon the bills, answers and other proceedings, including the commis-

sioner's report, and exceptions taken thereto by the representative of the receiver. The circuit court sustained the exceptions to the commissioner's report, and dismissed the complainant's bill with costs. From that decree this appeal was allowed.

There is no merit in the contention made by appellee, that the appeal should be dismissed because the amount involved is below the sum requisite to give this court jurisdiction.

It is contended that the settlement *in pais* between the parties constituted a bar to the original bill, and that the amended bill, not being for the purpose of having an account generally, but for correcting an error or mistake in that settlement, could not be maintained.

It appears to be clearly established by the evidence filed with the report of the commissioner, that there was error in the settlement *in pais* of June, 1902, to the prejudice of the appellant, to the extent of $225.00, as of August 12, 1893, resulting from a misappropriation by the fiduciary of the funds of his *cestui que trust*. The contention, that the amended bill, not being for an account generally, could not be maintained for the purpose of correcting this error in the settlement, is not tenable. The course pursued of amending the bill in order to point out the specific error and have the settlement corrected in that particular, is proper practice. *Shugard* v. *Thompson*, 10 Leigh 452; *McNeil* v. *Baker*, 6 W. Va. 153. The case last cited is directly in point. It was there held, that, upon a general bill for an account, a defendant may set up in his answer, as a bar or defense, a stated or settled account, and, if upon issue joined upon the answer it is found to be true, the court may give leave to the plaintiff to amend his bill, and to surcharge and falsify the stated or settled account by pointing out or indicating specifically any items of error, mistake or omission existing therein. The course thus sanctioned is precisely that adopted in the case at bar.

It is further contended that the complainant acquiesced in the settlement which is relied on as a bar to his recovery, and

was guilty of laches in not presenting sooner his suit to recover the amount now claimed.

The record shows that it was not until very recently before this suit was instituted that the complainant discovered that he had been charged with the item complained of, in order to arrive at the balance of $525.61 which constituted the basis of the settlement relied on by the defendant.

Length of time is not alone a test of staleness, and mere lapse of time, unaccompanied by some circumstances affording evidence of a presumption that the right has been abandoned, is not laches. Generally, if the sum sought to be recovered is certain, the transaction has not become obscure, and there has been no such loss of evidence as will be likely to produce injustice, a court of equity will not refuse relief merely because there has been delay in asserting the claim. *Tidball, &c.* v. *Bank,* 100 Va. 741, 42 S. E. 867.

This record furnishes no warrant for denying the right of the complainant to recover upon the ground of laches. The suit was brought about three years after the settlement relied on was had; the amount and character of the error complained of is clearly established; and there has been no such loss of evidence as will be likely to produce injustice. There is nothing to suggest the existence of any evidence that could possibly relieve the receiver from liability.

It is suggested in the brief of appellee that the commissioner erred in failing to allow the receiver certain commissions, amounting to $40.00, and in failing to allow the receiver traveling expenses.

The record does not show that any prejudice has been done the appellee in these particulars, but a sufficient answer to the suggestion is that no exception was taken to the report of the commissioner on these grounds, and it is, therefore, too late to raise such questions in this court.

Upon the whole case, we are of opinion that the exceptions taken to the report of the commissioner by the appellee should have been overruled and the report confirmed; and that a decree

should have been entered in favor of the complainant, Charles E. Branner against the estate of Michael Branner, deceased, for the amount ascertained to be due him, together with his costs about his suit expended.

The decree complained of must, therefore, be reversed and set aside, and the cause remanded for a final decree to be entered therein not in conflict with the views expressed in this opinion.

*Reversed.*