## Staunton.

VICARS v. SAYLER.

September 15, 1910.

Absent, Cardwell, J.

1. LIS PENDENS—*Docketing—Indexing Necessary—Code, Sec.* 3566.—
Section 3566 of the Code relating to the docketing of notice of
a *lis pendens* is a remedial statute, and, in constructing it, there
should be borne in mind the old law, the mischief intended to
be remedied, and the remedy. In view of the old law as to
*pendente lite* purchasers and the evil resulting to innocent pur-
chasers, it is necessary that the memorandum provided for by
section 3566 should not only be recorded, but also indexed in
the manner provided for by that section. Indexing is a neces-
sary part of the docketing of the *lis pendens,,* and the docketing
is incomplete until properly indexed.
2. BONA FIDE PURCHASER—*Notice—Bad Faith.*—Notice to affect a sub-
sequent purchaser or encumbrancer must be such as to affect
his conscience. It may be either actual (direct and positive) or
it may be circumstantial or presumptive. But it is not sufficient
if it merely puts the party on enquiry. It must be clear and
strong, and such as to fix upon him the imputation of bad faith.
A mere suspicion of notice, even though it be a strong suspicion,
is not sufficient.

Appeal from a decree of the Circuit Court of Russell coun-
ty. Decree for the complainant. Defendant appeals.

*Affirmed.*

The opinion states the case.

*Vicars & Peery,* for the appellant.

*Bond & Bruce, W. W. Bird* and *R. S. Meade,* for the appel-
lee.

BUCHANAN, J., delivered the opinion of the court.

The appellee, Salyer, was a purchaser of land whilst a suit was pending to set aside a conveyance thereof (upon the ground that it was made to hinder and defraud the creditors of the grantor) and to subject the land to the payment of certain debts due from the grantor. Such proceedings were had in the cause as resulted in a sale of the land. The trial court held that the rights of the *pendente lite* purchaser were superior to those of the purchaser at the judicial sale. From that decree this appeal was taken.

The contention of the appellant is that the suit to subject the land was properly docketed under the provisions of section 3566 of the Code of 1904, or if it were not that the appellee had actual notice of the pendency of the suit when he purchased, and that the trial court therefore erred in holding his purchase valid.

The appellee on the other hand denies that the *lis pendens* was properly docketed and also denies that he had actual notice of the pendency of the suit.

The ground upon which the appellee denies that the *lis pendens* was properly docketed is that it was not indexed as to the grantee in the deed sought to be set aside—the person from whom the appellee purchased.

The language of section 3566 of the Code is as follows: "No *lis pendens*, or attachment under chapter one hundred and forty-one, shall bind or affect a *bona fide* purchaser of real estate, for valuable consideration, without actual notice of such *lis pendens* or attachment, unless and until a memorandum setting forth the title of the cause, the general object thereof, the court in which it is pending, a description of the land, and the name of the person whose estate is intended to be affected thereby, shall be left with the clerk of the court of the county or corporation in which the land is situate, who shall forthwith record the said memorandum in the deed

book, and index the same in the name of the person afore-
said."

The question presented for our decision is whether "index-
ing" is a part and a necessary part of docketing of a *lis pen-
dens.* In other words, is the docketing incomplete until the
*lis pendens* is properly indexed in the name of the defendants,
as provided by section 3566.

The meaning of that section is of course to be derived from
the statute itself; but, as was said by Judge Moncure in
*Fox's Admr.* v. *Com'th.,* 16 Gratt. 1, 10: "In the exposition
of a statute the leading clue to the construction to be made is
the intention of the Legislature; and that may be discovered
from different signs. As a primary rule, it is to be collected
from the words; when the words are not explicit, it is to be
gathered from the occasion and necessity of the law, being
the causes which moved the Legislature to enact it."

Section 3566 being a remedial statute, in construing it there
should be kept in mind the old law the mischief intended to
be remedied and the remedy. *Claflin & Co.* v. *Steenbock
& Co.,* 18 Gratt. 860, and authorities cited by Judge Joynes.

It is not explicitly or distinctly stated in section 3566 that
indexing is necessary to complete the docketing of the *lis
pendens.* Neither is it explicitly or distinctly stated that re-
cording in the deed book the memorandum left with the clerk
is necessary to complete the docketing. Yet, if the recording
of the memorandum in the deed book is not essential to the
docketing of the *lis pendens,* little good would be accomplished
by the section—at least, the statute would fall far short
of remedying the mischief which existed under the old law.

In *Newman* v. *Chapman,* 2 Rand. 93, 102-5, 14 Am. Dec. 766,
the doctrine upon which *lis pendens* rests is clearly and, as we
understand it, correctly stated by Judge Green. He says, that
"The rule, as to the effect of a *lis pendens,* is founded upon the
necessity of such a rule to give effect to the proceedings of courts
of justice. Without it the administration of justice might, in

all cases, be frustrated by successive alienations of the property which was the object of litigation, pending the suit, so that every judgment and decree would be rendered abortive where the recovery of specific property was the object. This necessity is so obvious that there was no occasion to resort to the presumption that the purchaser really had, or by inquiry might have had, notice of the pendency of the suit to justify the existence of the rule. In fact, it applied in cases in which there was a physical impossibility that the purchaser could know, with any possible diligence on his part, of the existence of the suit. *  *  *" After showing that the rule of *lis pendens* was less harsh as administered by courts of chancery than by the common law courts, he continues: "This principle, however necessary, was harsh in its effects upon *bona fide* purchasers and was confined in its operation to the extent of the policy on which it was founded·  *  *  *"

Because of the hardship which frequently resulted from the enforcement of the rule, especially to *bona fide* purchasers, statutes have been passed in England and in many of the States of this country intended, as far as practicable, to remedy the mischiefs of the old law, or to lessen its hardships. One of the objects of the legislature in enacting section 3566 manifestly was to provide a means by which a person desiring to purchase land might by an examination of the deed books in the county where the land was situated ascertain whether or not there was pending a suit which might affect the title to the land. This object could not be accomplished by the mere leaving of the memorandum required with the clerk. An examination of the deed books would disclose nothing in regard to the pending suit unless, as the section provides, that memorandum was spread upon or recorded in the deed book. As before stated, if indexing the *lis pendens* after it has been spread upon or recorded in the deed book is not an essential part of its docketing, then copying the memorandum in the deed book is not, for the language of the section cannot be mandatory as to the one and merely directory as to the other.

The provision of the statute is that the memorandum required "shall be left with the clerk of the court of the county or corporation in which the land is situated, who shall forthwith record the said memorandum in the deed book and index the same in the name of the person aforesaid."

The provisions of the section as to recording the memorandum in the proper deed book and indexing it being the same, both are essential to the complete docketing of a *lis pendens* or neither is. To hold that neither is, not only renders the index to the deed books an untrustworthy guide in the examination of a title, but renders the deed books themselves an untrustworthy guide and makes it necessary, if a purchaser would be safe, to have the clerk's office searched to see if a memorandum of a pending suit had been left with the clerk. Such a construction would not remedy the mischief of the old law and accomplish the manifest intention of the legislature of making the deed books of the county show the state of the title to land so far as affected by pending suits. It seems to us that to require a purchaser to look to any other source of information than the deed books—that which the statute has provided for him—would be contrary to the spirit and policy if not the letter of the statute.

We are of opinion, therefore, that section 3566 would fail to accomplish the purpose for which it was manifestly enacted unless it be held that the recording of the memorandum in the deed book and indexing the same in the manner required by the section are necessary to the complete docketing of a *lis pendens*. The *lis pendens* relied on in this case not having been properly indexed the title acquired by the appellee was not affected by the suit to set aside the deed to his grantor unless he had actual notice of the pendency of that suit when he made the purchase.

The next question is: Did the appellee have such notice?

The notice which will affect a purchaser in a case of this kind must, as was said in *Siter* v. *McClanahan*, 2 Gratt. 314, and which has been reiterated in numerous cases since that

case was decided, "be such as to affect the conscience of the subsequent purchaser or incumbrancer. It may be either actual, in other words, direct and positive, or it may be circumstantial or presumptive. But it is not sufficient if it merely puts the party upon inquiry. It must be clear and strong and such as to fix upon him the imputation of *mala fides*."

Or, as stated by Prof. Minor, 2 Min. Inst. 887: "The effect of the notice which will charge a subsequent purchaser for valuable consideration, and exclude him from the protection of the registry law, is to attach to the purchaser the guilt of fraud. It is, therefore, never to be presumed but must be proved and proved clearly. A mere suspicion of notice, even though it be a strong suspicion, will not suffice." See *Vest* v. *Michie*, 31 Gratt. 149, 31 Am. Rep. 722; *Arbuckle* v. *Gates & Brown*, 95 Va. 802, 813, 30 S. E. 496; *Hunton* v. *Wood*, 101 Va. 54, 60, 43 S. E. 186, and cases cited.

Says Minor on Real Property, vol. 2, sec. 1412, and his statement is fully sustained by the decided cases: "Notice is actual when the purchaser knows of the existence of the adverse claim, or perhaps where he is conscious of having the means of knowledge and yet does not use them; and it is immaterial whether his knowledge results from direct information or is gathered from facts and circumstances. The information must proceed, however, from some person interested, or otherwise likely to be well informed, or from some one who gives specific and definite statements—and that in the course of the treaty for the purchase. Vague reports on general assertions, especially from persons not interested in the property and who, therefore, may not be well informed, will not affect the purchaser's conscience. * * * "

Without discussing the evidence in detail it is sufficient to say that it fails to make out a case of actual notice on the part of the appellee when he made his purchase.

We are of opinion that there was no error in the decree appealed from and that it must be affirmed.

*Affirmed.*