In re JAMES R. CORBITT CO., Debtor.

John W. GUINEE, Jr., Trustee, Plaintiff.

v.

Jon J. PRAGER and Burke Center Development Corp. and Andrew G. & Paula D. Lee and Transport International Pool, Inc. and Reston Homeowners Association, Defendants.

Bankruptcy No. 81–00323–A.
Adv. No. 81–0130–A.

United States Bankruptcy Court,
E. D. Virginia,
Alexandria Division.

May 28, 1982.

Brian O'Donnell, McLean, Va., for debtor.

John W. Guinee, Jr., trustee in bankruptcy.

Wendy Manz, Arlington, Va., for trustee.

Thomas S. Kenny, Reston, Va., for Reston Home Owners Ass'n and Jon J. Prager.

R. Mark Dare, Fairfax, Va., for Burke Center Development Corp.

Morris A. Nunes, Falls Church, Va., for Andrew G. and Paula D. Lee.

MEMORANDUM OPINION

MARTIN V. B. BOSTETTER, Jr., Bankruptcy Judge.

This matter came before the Court upon the filing of the above-styled Complaint; and it appearing from the record that the only remaining defendant in this proceeding is Reston Home Owners Association; and the Court having reviewed the record and the briefs submitted makes the following findings.

The debtor, James R. Corbitt Co., is the owner of certain parcels of real property in Reston, Virginia, which are subdivided into lots pursuant to Deeds of Dedication between Reston, Virginia, Inc. and the defendant, Reston Home Owners Association ("RHOA"). The two deeds were recorded in 1964. The deeds were amended in 1966 designating areas of the subdivision as being subject to an annual charge fixed by the RHOA, in proportion to the lots' as-

sessed value. The amended deeds state that the annual assessment "shall, when due, become a lien on the lot or other parcel ... against which the charge is made, subject and subordinate only to the lien of any First Deed of Trust ... placed thereon."

The annual RHOA assessments of the debtor's lots remain unpaid for the years 1979, 1980 and 1981, with the exception of Lot No. 2 for which the 1979 assessment was paid. The aggregate total of unpaid charges is $6,902.00. The last charge (1981) was assessed December 18, 1980, ninety-one days before the debtor declared bankruptcy (March 19, 1981). On February 26, 1981, the RHOA recorded a Memorandum of Lien against the lots owned by the debtor, representing the unpaid annual charges for 1979 and 1980 in the amount of $4,380.00 and obtained a judgment against the debtor in the Fairfax County District Court.

The plaintiff trustee alleges that the RHOA's lien is voidable since it was recorded within the ninety-day period prior to the debtor's petition in bankruptcy. The defendant, RHOA, contends that the annual charge represents an equitable lien enforceable upon assessment.

 It is clear that state law applies when determining the validity of an equitable lien, unless it would frustrate a federal policy. *See, In re Taddeo*, 9 B.R. 299 (Bkrtcy.E.D.N.Y.1981); *see also In re Czebotar*, 5 B.R. 379 (Bkrtcy.D.Wash.1980). To establish an equitable lien, Virginia law requires a written contract that shows intent to charge a particular piece of property. *Hoffman v. First National Bank*, 205 Va. 232, 135 S.E.2d 818 (1964). Here, the amended deeds that were recorded in 1966 fulfill this requirement.

 The only issue in contention is whether the liens become perfected by virtue of recordation in 1966, or whether notice of assessment is also required to constitute a valid lien.

The plaintiff cites Virginia Code § 55–96 which indicates that every real covenant or deed is void as to third parties without notice unless such writing is recorded. Virginia case law cited by the plaintiff sets forth the proposition that there must be more than a mere suspicion of notice and that the recorded instrument should be able to give actual notice to a party upon examination. *See, National Cash Register Co. v. Burrow*, 110 Va. 785, 67 S.E. 370 (1910); *Hunton v. Wood*, 101 Va. 54, 43 S.E. 186 (1903).

The defendant's position is that the annual assessments created an equitable lien which perfected upon assessment, and cites *Noremac Inc. v. Centre Hill Court, Inc.*, 164 Va. 151, 178 S.E. 877 (1935) which held that annual homeowners fees, properly assessed, become equitable liens. Plaintiff counters that *Noremac* should not control because the deeds, in this case, did not provide fair notice of such equitable encumbrances.

It should be noted that Virginia emphasizes the need for notice. In the *Hoffman* case, *supra*, the equitable lien was denied because the bank had no notice of the plaintiff's alleged brokerage commission agreement. A different result was reached in *Stickney v. General Electric Co.*, 44 F.2d 362 (4th Cir. 1930), where the lienholder failed to comply with statutory requirements regarding conditional sales. (Va.Code 1924, § 5189). Although there was no statutory notice, the lienholder had given notice to other creditors.

In the instant case, the amended deed clearly stated that the assessment would become a lien when due. Such a statement is sufficient to convey notice that the property may be encumbered, and is more than a mere suspicion of notice.

In *Noremac, supra*, the Virginia Supreme Court relied upon the case of *Prudential Ins. Co. of America v. Wetzel*, 212 Wis. 100, 248 N.W. 791 (1933) which held that a homeowner association's assessments became liens automatically on the last day of the year. The *Noremac* court noted that the *Wetzel* court had concluded that the instrument created the lien without reference to recordation.

Under the facts as presented here, certainly there was sufficient information to

constitute notice concerning the real covenant which recited the assessment in the recorded amended deeds. The better rule would seem to be that the recording of such an instrument is sufficient notice to fix the assessment at the time of such recording. The liens here are equitable rather than statutory and, therefore, came into existence at the moment of recordation. Such recordation among the land records is sufficient notice to fulfill the requirement of notice.

The lien of Reston Home Owners Association shall be deemed valid and existing and not voidable by the trustee.

An appropriate Order in accordance herewith will be entered.